(March 4, 1911.)

## W. S. McCORNICK, Respondent, v. M. SHAUGHNESSY et al., Appellants.

[114 Pac. 22.]

APPEAL—DEATH OF PARTY—SUBSTITUTION—AUTHORITY OF ATTORNEY—TERMINATION OF AGENCY.

(Syllabus by the court.)

1. Where a party to an action dies before an appeal is taken, the attorney who represented such party has no power or authority to prosecute an appeal until a substitution of a legal representative is had, and an appeal prosecuted in the name of such deceased party without substitution will be dismissed for want of jurisdiction in the appellate court to consider the same.

2. Where a party to an action dies after judgment, the agency and authority of his attorney is at once terminated, and the attorney must obtain his employment and authority from a legal representative of the estate of such deceased person before he can prosecute an appeal in the case.

APPEAL from the District Court of the Fourth Judicial District, for the County of Blaine.    Hon. Edward A. Walters, Judge.

Action by the plaintiff for debt.    Judgment for plaintiff and defendants appeal.    Appeal dismissed.

Lynn F. Clinton, for Appellants, cites no authorities on points decided.

Henderson, Pierce, Critchlow & Barrette and Sullivan & Sullivan, for Respondent.

From the record in this case it appears manifest that the appeal is not well taken.    No authority appears for appeal of M. Shaughnessy, and, of course, no authority to accept notice of appeal.    It is necessary that the notice of appeal be served not only upon the respondent, but upon every adverse party.    This is jurisdictional.    The judgment was against M. Shaughnessy upon the note, but he was entitled to have the proceeds of the property mortgaged applied to satisfy the judgment and thereby relieve him from responsibility.    It is clear that had he been living an appeal taken by the other defendants without service of notice upon him would not stand.    His death cannot in any manner change the rule.    (*Aulbach v. Dahler,* 4 Ida. 522, 43 Pac. 192; *Titiman v. Alamance Mng. Co.,* 9 Ida. 240, 74 Pac. 529.)

"Very different consequences result from the death of a party to the action prior to his being made a party to the appeal by service of notice of appeal upon him, or of the notice of motion for a new trial, in case of an appeal from an order on motion for new trial.    In that case, the whole appellate proceeding as to such party is a nullity."    (2 Spelling, New Trial and Appellate Practice, sec. 705; *Judson v. Love,* 35 Cal. 463.)

It will be noticed, moreover, that in this case the attorney representing the appellants did not represent the deceased in the lower court, but has entered his appearance in the case since the death of M. Shaughnessy.

"No substitution having been made, *held,* that all proceedings on the appeal were null and void as to the representatives of the deceased defendant." (Quoting *Judson v. Love,* 35 Cal. 466, and *Sheldon v. Dalton,* 57 Cal. 20; *Coffin v. Edgington,* 2 Ida. 627 (595), 23 Pac. 80; 2 Cyc. 776.)

AILSHIE, Presiding J.—This action was instituted against "M. Shaughnessy, personally, and as executor and trustee under the will of Eudora Shaughnessy, deceased, Phillip S. Shaughnessy, Walter D. Shaughnessy and Eudora B. Shaughnessy Van Horn," as defendants. Judgment was rendered in favor of the plaintiff and thereafter the attorneys who had represented the defendants in the trial of the case signed, served and filed a notice of appeal in which they say that, "the defendant, M. Shaughnessy, as executor and trustee under the will of Eudora Shaughnessy, Walter D. Shaughnessy, and Eudora B. Shaughnessy Van Horn, hereby appeal to the supreme court," etc., from the judgment. This notice of appeal was served and filed August 9, 1910.

The findings of fact, conclusions of law and judgment in the case were signed by the trial judge on the 22d day of July, 1910, and were ordered filed *nunc pro tunc* as of November 8, 1909, the date on which the case was finally submitted to the court for decision. In the findings is the following recital: "That heretofore but subsequent to the hearing upon this cause, and subsequent to the date upon which this cause was submitted to the court for adjudication, the defendant, M. Shaughnessy, died." The foregoing finding is followed by an order that the findings and judgment should be filed *nunc pro tunc* as of the date on which the case was submitted, November 8, 1909.

So far as the record shows, no administrator has ever been appointed to represent the estate of M. Shaughnessy and no substitution whatever has ever been made in the case.

The first question with which we are confronted is the power or authority of the attorneys who represented the Shaughnessys on the trial of this case to take an appeal for or on behalf of M. Shaughnessy, personally, or "as ex-

ecutor or trustee for the estate of Eudora Shaughnessy, deceased."

It is contended by respondent that upon the death of the client, M. Shaughnessy, the authority of the attorneys ceased, and that they had no further power or authority to appear or take any action in the case. Substantially the same question here presented confronted this court in *Coffin v. Edgington,* 2 Ida. 627 (595), 23 Pac. 80. In that case, the plaintiffs obtained a judgment against several defendants and prior to the prosecution of the appeal, one of the defendants died. No substitution was made, and the estate of the deceased defendant was not represented in any way on the appeal. The court, after stating the facts, said:

"The question presented is as follows: Has this court jurisdiction to hear and determine this appeal, in view of the fact that all of the proceedings taken and had on the appeal were subsequent to the death of said defendant Lewis? We think not."

After quoting from several authorities, the court added:

"It is evident, therefore, that no proceedings can be had in this court affecting the interests of the representatives of the deceased defendant.

"The next question is: Could an appeal be taken by the defendants in this case before a substitution was made? It would seem to be impossible. The judgment rendered against defendants was joint and several in its character. No decision of this court can be rendered affecting one of the defendants without affecting all. This fact makes them adverse parties, within the statute."

The opinion in the Coffin-Edgington case cites and quotes with approval from the following authorities: *Judson v. Love,* 35 Cal. 467; *Sheldon v. Dalton,* 57 Cal. 19; and *Warren v. Eddy,* 13 Abb. Pr. (N. Y.) 30. All of these cases are in point and hold to the same effect as the principal case. In *Warren v. Eddy,* the court in speaking of the authority of the attorney to further act in the case after the death of his client, said: "At the time of the service of the notice, J. W. Culver could not act for a dead man, and he had no authority to act

for or represent the estate.   The order of the general term for affirmance by default founded on such notice was therefore irregular, inasmuch as it was made without notice to anyone representing the estate of Daniel F. Eddy. . . . . His former attorney could not give a notice of motion for a new trial or of appeal that would be effectual, for he had ceased to have any authority in the matter.  If he has no authority to give such notice, he has none to receive one, or act upon it, in the further stages of the proceedings, when it is received.  He has become a stranger to the proceedings.'' (See, also, Spelling on New Trial and Appellate Practice, sec. 705.)

In the case at bar, the attorneys for Shaughnessy had notice of the death of their client.  If they did not know it from other sources, they received the notice upon the filing of the findings .and judgment, because the court had recited the fact of the death of their client in his findings of fact. This was notice to the attorneys and to everyone else that the authority of the attorneys to represent Shaughnessy had ended, and that if they appeared further in the case they must do so under other employment.  After taking this appeal, it seems that the attorneys who had given the notice of appeal and who had tried the case took no further part in the proceedings and apparently retired from the case.  The case is prosecuted in this court by an attorney who did not appear in the trial court and had no connection with the case prior to the death of Shaughnessy.  The attorney is the agent of his client for a special purpose.  When he is employed to represent the client in the prosecution or defense of an action, he has the implied authority necessary to enable him to do all things which may be requisite to the protection of the interests of his client.  When the client dies, the agency of the attorney ceases.  (*Pedlar v. Stroud,* 116 Cal. 462, 48 Pac. 371.)  For the purposes of that particular case, he is an attorney without a client, and if he would appeal in the case he must call the matter to the attention of the court and have a substitution of the name of someone who may have the power and authority to represent the estate of the deceased litigant.  This is necessary and essential in order to protect.

the interests both of the estate of the deceased party and of the adversary parties. The adverse party has a right to know that any action he may take will be binding and conclusive against the estate of the deceased. In this case no appeal could be prosecuted in the name of Shaughnessy, neither could notice of appeal be served on Shaughnessy.

For these reasons, this appeal must be dismissed. This court has not acquired jurisdiction to further consider the case. Costs awarded to respondent.

Sullivan, J., and Budge, District Judge, concur.