(No. 5315.   October 10, 1929.)

STATE, Respondent, v. JACK McALLISTER, Appellant.

[281 Pac. 7.]

O. A. Johannesen, for Appellant.

W. D. Gillis, Attorney General, and Fred J. Babcock, Assistant Attorney General, for Respondent.

T. BAILEY LEE, J.—Jack McAllister was convicted of the crime of petit larceny in the probate court of Clark county. Upon appeal to the district court he was tried *de novo* and again convicted. From the ensuing judgment, he has appealed to this court, assigning numerous errors and insufficiencies of the evidence.

Dismissing at once the objections attacking the procedure in the probate court, in view of the trial *de novo,* we first take up appellant's contention that the court erred in eliminating from Instruction No. 7 a provision that the circumstances must be "inconsistent with his innocence." The instruction complained of concluded with the express admonition that the jury "must exclude to a moral certainty every other reasonable hypothesis except the guilt of the person charged." And the instruction immediately preceding advised that "the evidence must to your minds exclude every reasonable hypothesis other than that of the guilt of the defendant . . . . if after an entire consideration and comparison of all the testimony in the case, you can reasonably explain the facts given in evidence on any reasonable ground other than the guilt of the defendant, you should acquit him."

Such language effectually disposes of appellant's contention. That venue was properly laid, appears abundantly from the testimony of the witness, James H. Eddie. Appellant really poises his case upon the following contention stated in his brief:

"The evidence is far from conclusive in the matter of the identification of the hides, but on the contrary is conflicting as to what hides were actually brought into court as the State's exhibits."

Here is the whole thing in a nutshell, conflicting evidence. McAllister positively swore that the hides taken from him by the sheriff were not the hides produced in evidence. The

sheriff swore quite as positively that they were. In this he was corroborated by other witnesses.

Objection is made that the court erred in entering a money judgment for fine and costs against appellant's sureties. The sureties are not here; and, furthermore, the procedure was in direct obedience to C. S., sec. 9270.

Judgment affirmed.

Budge, C. J., and Givens, Wm. E. Lee and Varian, JJ., concur.