(No. 7236. October 23, 1945.)

STATE OF IDAHO, Respondent, v. PRYSE B. SCRIVNER, Appellant.

[162 P. (2d) 897.]

Geo. H. van de Steeg for appellant.

Frank Langley, Attorney General, for respondent.

500

GIVENS, J.—Appellant was charged in justice court with driving a motor vehicle on the highways July 24, 1944 while under the influence of intoxicating liquor in violation of Sections 48-502, 48-558, I.C.A.[1]

He appealed from a conviction in the justice court to the District Court, where he was again convicted by a jury which recommended leniency and no jail sentence.

[1]"48-502. *Rules of the road—Persons under the influence of intoxicating liquor or narcotic drugs.*—It shall be unlawful and punishable as provided in section 48-558 for any person whether licensed or not who is an habitual user of narcotic drugs or any person who is under the influence of intoxicating liquor or narcotic drugs to drive any vehicle upon any highway within this state."

"48-558. *Driving while under the influence of intoxicating liquor or narcotic drugs—Penalty.*—Every person who is convicted of a violation of section 48-502 relating to habitual users of narcotic drugs and driving while under the influence of intoxicating liquor or narcotic drugs shall be punished by imprisonment in the county or municipal jail for not less than thirty days nor more than six months or by fine of not less than $100.00 nor more than $300.00 or by both such fine and imprisonment. On a second or subsequent conviction he shall be imprisoned in the state penitentiary at hard labor for not less than two years and not more than five.

"The commissioner shall revoke the operator's or chauffeur's license of the person so convicted, if any such license has been issued."

The court imposed a $300.00 fine, sixty days in jail and costs in both courts of $142.65[2].

Appellant assigns as errors, the insufficiency of the evidence to prove he was intoxicated within the meaning of the statute; that the costs and fine exceeded $300.00, the asserted jurisdiction of the justice court; the court's refusal to permit Dr. Belknap to answer a hypothetical question; that Instruction No. 5 was erroneous and appellant's requested Instruction No. 2 should have been given.

Appellant with his housekeeper, between 10:00 and 12:00 P.M. in an automobile, in Nampa, turned from 16th Avenue east onto Third Street North and collided with another car, breaking appellant's windshield, whereby his housekeeper was rather seriously cut and bruised about the face; bystanders called his attention to her condition which he evidently at first had not noticed and urged him to take her to a hospital. He started to drive toward the Mercy Hospital, some nine blocks south on 16th Avenue; a tire going flat, they started to walk, inquired at a residence as to the location of the hospital, and were later picked up by a passing motorist who took them to the hospital.

Bystanders at the scene of the accident, the people of whom appellant inquired the way to the hospital, the parties who eventually transported him and his housekeeper to the hospital, and the nurses at the hospital, testified, as to his actions and conduct, manner of talking and walking, all of a nature to indicate an erratic condition, and stated he was intoxicated and some testified the odor of liquor was noticeable about him. Appellant concededly had had several glasses of beer during the afternoon and early evening. He denied he had drunk any whiskey,

[2] "19-4044, I.C.A. *Judgment against sureties for costs.*—If upon the trial in the district court the defendant is convicted, judgment must be rendered against the defendant and his sureties for the costs in both courts, and for any fine imposed by the district court; and if such fine and costs be not paid, execution must be issued thereon against the defendant and his sureties; but the sureties are not liable on any such judgment or execution beyond the amount of their undertaking. If the defendant fails to appear and prosecute his appeal. judgment must be entered by the district court against the defendant and his sureties in the amount of the undertaking."

though it was shown a pint bottle of whiskey was purchased on his liquor license at the Nampa liquor store that day, and he produced witnesses who testified he was not intoxicated, though one of his witnesses on cross-examination inadvertently and perhaps therefor as it were, 'letting the cat out of the bag' testified, 'He might have said (referring to appellant's arrest) everybody knew that he (appellant) was drunk anyway.' Appellant urges his actions so far as they were erratic, were due to shock and concern over his housekeeper. While there was thus a conflict in the evidence as to his condition, there was sufficient evidence to justify the jury's conclusion he was intoxicated within the meaning of the statute. (*Packard v. O'Neil*, 45 Ida. 427, 262 P. 881, 56 A.L.R. 317; *State v. Hurd* (Wash.), 105 P. (2d) 59; *Daniels v. State* (Tenn.), 296 S.W. 20; *State v. Dudley* (La.), 106 So. 364; *State v. Duguid* (Ariz.), 72 P. (2d) 435; *Randolph v. State* (Tex.), 169 S.W. (2d) 178.)

█ Appellant propounded a hypothetical question to Dr. Belknap purportedly reciting the facts of the case from appellant's viewpoint, concluding thus: "Now basing your opinion upon these facts, are you able to state whether or not, in your opinion, this man was under the influence of intoxicating liquor?" If the doctor had said "Yes", he had an opinion, appellant would no doubt have inquired further and ascertained what that opinion was. Since the question was preliminary and conceding, therefore, that the objection should not have been sustained, immediately thereafter the doctor was asked these further questions and gave the responsive answers:

"Q. Then doctor, is it or is it not a fact that a person who becomes excited and alarmed and worried over what appears to him to be a serious injury to another who is his employee, and who is there present with him at the time, could very conceivable cause him to stagger about and walk unsteadily and generally manifest evidence of intoxication?

"A. Yes.

"Q. In other words a person who became excited, rattled, alarmed and worried about an employee, could stagger about and generally manifest certain evidence

which are manifested by people who are under the influence of intoxication.

"A. Yes.

\* \* \* \*

"Q. Would it be possible, Doctor, with reasonable certainty, to state whether or not a person who staggered about and was in a rattled state of mind, would it be possible to state that such a person was under the influence of intoxicating liquor, or whether that condition was caused by something else.

\* \* \* \*

"A. It would not be impossible to state with certainty that he staggered but the stagger might be caused by different things."

Appellant made no offer of proof and absent the desired detailed disclosure, it would seem the questions and answers above noted sufficiently brought to the attention of the jury the substance of what appellant doubtless desired to elicit from the physician with regard to appellant's condition. Thus there was no reversable error.

Appellant's assignment as to Instruction No. 5 given and Appellant's No. 2 refused is not argued and no authorities are offered in support of such assignment, it, therefore, need not be and will not be considered, discussed, reviewed or determined. (*State v. Brockman*, 39 Ida. 468 at 477, 228 P. 250; *State v. Petereit*, 39 Ida. 715 at 717, 229 P. 747; *State v. Richardson*, 56 Ida. 150 at 158, 50 P. (2d) 1012.)

The recommendation of the jury, while entitled to be considered by the court, is not binding and no prejudicial error results from the court's refusal to follow it. (*State v. Farnsworth*, 51 Ida. 768 at 781, 10 P. (2d) 295, 87 A.L.R. 1373.)

We cannot say from the record the trial court abused his discretion in imposing the challenged sentence.

Costs are no part of the penalty, *In re Lucas*, 17 Ida. 164, 104 P. 657; and their imposition, therefore, though added to the penalty exceeded $300.00, was not in excess

of the court's jurisdiction. (Sections 19-4022, 19-4043, 19-4044, I.C.A.; *State v. McAllister*, 48 Ida. 251, 281 P. 7.)

The judgment is therefore affirmed.

Budge, Holden, and Miller, JJ., concur.

Ailshie, C.J., did not sit at the hearing and took no part in the decision.