175 P.2d 402

**STATE v. STOTTER.**

No. 7314.

Supreme Court of Idaho.

Dec. 12, 1946.

Charles F. Reddoch and James H. Hawley, both of Boise, for appellant.

Fred Langley, Atty. Gen., J. R. Smead, Asst. Atty. Gen., for the State.

James W. Blaine, Pros. Atty., and C. Stanley Skiles, City Atty., both of Boise, for respondent Boise City.

SUTPHEN, District Judge.

The appellant, Fred E. Stotter, was, on February 25, 1946, charged with being in control of the premises known as the Spanish Village in Boise City, Idaho, and knowingly permitting thereon the sale of intoxicating liquors in violation of Section 4-805 of the Boise City Code of 1936. He was tried on such charge before the City Magistrate of such city, found guilty and given a jail sentence of 30 days in the city jail and a fine of $300 from which he duly appealed to the district court after posting a cash bond of $500.

The district court overruled his demurrer and denied a demand for a jury trial, and after a trial before the court without a jury, appellant was adjudged guilty and ordered imprisoned in the city jail for a period of 30 days and assessed a fine of $300.

From this latter judgment an appeal was duly taken to this court. After the case came to this court, and while still pending on appeal, the appellant died. Thereafter the Attorney General of Idaho and his assistant, J. R. Smead, Esq., of counsel for respondent, suggested that in view of appellant's death the appeal should be dismissed.

The City Attorney for Boise City, C. Stanley Skiles, Esq., also one of the attorneys of record for respondent, now moves that this court disregard the suggestion for dismissal of the appeal by associate counsel on the ground it was made without his knowledge and consent and that a dismissal of the appeal may jeopardize the rights of Boise City. It is the contention of such City that the part of the judgment of conviction which assessed a fine of $300 against appellant is in the nature of a civil liability which may be enforced against the undertaking which, in this case, is a cash deposit.

Section 19-4044, I.C.A., provides as follows:

"Judgment against sureties for costs.—If upon the trial in the district court the defendant is convicted, judgment must be rendered against the defendant and his sureties for the costs in both courts, and for any fine imposed by the district court; and if such fine and costs be not paid, execution must be issued thereon against the defendant and his sureties; but the sureties are not liable on any such judgment or execution beyond the amount of their undertaking. If the defendant fails to appear and prosecute his appeal, judgment must be entered by the district court against the defendant and his sureties in the amount of the undertaking."

In the case of State v. McAllister, 48 Idaho 251, 281 P. 7, this court, in construing the statute, held that a district court on conviction for petty larceny after appeal from the probate court properly entered a money judgment for the fine and cost against defendant's sureties.

In Re Lucas, 17 Idaho 164, 104 P. 657, 658, Justice Ailshie, in the majority opinion, said:

"We have no doubt but that it was the legislative intent, in enacting the former section"—referring to what is now 19-4044, I.C.A.—"That, upon conviction in the district court on appeal, any judgment there rendered and entered for a fine imposed by the district court, and for any and all costs, both in the district court and the inferior court, must be rendered and entered against the defendant and his sureties, in the same manner as judgment is entered in a civil action, and that thereupon execution must issue on such judgment."

It appears to be the almost universal rule that the death of a defendant pending

appeal from a conviction in a criminal prosecution abates the appeal. Annotation in 96 A.L.R. 1322 to 1327. The portion of the judgment providing for a jail sentence necessarily abated upon the death of appellant, so the only question of real concern is as to whether the portion of the judgment of the district court for a fine and costs was abated by appellant's death.

In the instant case execution of the judgment of the district court was stayed upon appeal to this court under the provisions of Section 19-2709, I.C.A., the district judge having executed and filed a certificate of probable cause for the appeal.

Neither State v. McAllister nor In re Lucas, supra, cited by counsel for Boise City, are cases involving the death of the defendant or appellant, and the question here presented appears to be one of first impression in this state.

In People v. St. Maurice, 166 Cal. 201, 135 P. 952, where code provisions provided that if in a criminal action the judgment is a fine, with or without imprisonment, execution may issue thereon as on a judgment in a civil action and other code provisions declared such a judgment constitutes a lien in like manner as a judgment for money rendered in a civil action, the Supreme Court of California, in ruling on the question "What is the effect of the death of a defendant adjudged to pay a fine, when death occurs pending the appeal from such judgment?" said:

"There can be but one answer to the question, and that is that, in the absence of a statute expressing the contrary, all proceedings in the matter incurably abate."

In State v. Kriechbaum, 219 Iowa 457, 258 N.W. 110, 96 A.L.R. 1317, 1318, the Supreme Court of Iowa says:

"It is almost the universal holding of the courts, federal and state, that the death of a defendant in a criminal prosecution abates the action. The abatement is deemed to be the necessary result of the death and is not subject to any judgment or discretion of the court. The abatement applies not only to the pending proceedings in the appellate court, but applies likewise to all procedure had ab initio in the court below, including the verdict and judgment of conviction."

The Iowa court also quotes with approval from Blackwell v. State, 185 Ind. 227, 113 N.E. 723, where the Indiana court held:

"A judgment for a fine differs from a judgment based on a tort or contract. In case of a tort the judgment is based on the principle of compensation to the injured party. In cases arising out of contract the judgment is for money due the judgment plaintiff under the terms of a contract, or for damages for its breach. In case where a fine is imposed as a punishment, no principle of compensation is involved. A fine is imposed for the purpose of punishing the offender, and when an offender dies, he passes beyond the power of human punish-

ment. There could be no justice in enforcing a fine against the estate of an offender, for such a course would punish only the family or those otherwise interested in the estate."

In State v. Furth, 82 Wash. 665, 144 P. 907, 908, the Supreme Court of Washington said:

"The courts of the country, both state and federal, have, with marked unanimity, held that the death of the defendant in a criminal case pending appeal, in the absence of a statute expressing the contrary, permanently abates the action and all proceedings under the judgment. They make no distinction between a sentence of imprisonment and the imposition of a fine. The underlying principle is that the object of all criminal punishment is to punish the one who committed the crime or offense, and not to punish those upon whom his estate is cast by operation of law or otherwise."

Similar excerpts can be quoted from numerous other cases. See annotations in 96 A.L.R. 1322 to 1327 and in 19 Anno. Cases 1147.

In view of this unanimity of opinion on the question presented, it is adjudged that all proceedings in this case have permanently abated, and that the district court of Ada County enter an appropriate order to that effect.

BUDGE, GIVENS, HOLDEN, and MILLER, JJ., concur.