STATE of Missouri, at the relation of E. W. WHITE, Relator,

v.

The Honorable Ben TERTE, Judge of the Circuit Court of Jackson County, Missouri, Respondent.

The STATE of Missouri, at the relation of Lynn JOYCE, Relator,

v.

The Honorable Ben TERTE, Judge of the Circuit Court of Jackson County, Missouri, Respondent.

Nos. 22485, 22486.

Kansas City Court of Appeals.

Missouri.

July 2, 1956.

Gibson Langsdale, Kansas City, for relators.

Watson, Ess, Marshall & Enggas, Melvin J. Spencer, George H. Charno, Kansas City, for respondent.

DEW, Presiding Judge.

The relators in the above captioned proceedings seek our writ to prohibit respondent from further exercise of jurisdiction over two certain cases in which they respectively obtained judgments in the Magistrate Court. By agreement the two present actions in prohibition are consolidated for purposes of trial in this court. The ground urged in the petitions for prohibition is the total lack of jurisdiction of respondent over the cases and over the persons of the plaintiffs in the same. Based upon the allegations of the petitions we issued our alternative writ of prohibition on each. Respondent thereafter filed his return, relators filed their reply thereto, and the two proceedings so consolidated were duly tried in this court.

In the two cases which are the subjects of these prohibition proceedings, notices of appeal were filed in both in the Magistrate Court, and the relators contend the notices were invalid and vested no authority over the same or jurisdiction thereof in the respondent or in the court over which he presides. The respondent asserts that the appeals are valid and that upon the filing thereof respondent acquired full authority and jurisdiction over the same. Relators filed motions in respondent's court to dismiss the appeals, and thereafter motions were filed therein by the executrix of the estate of the deceased defendant for substitution as party defendant. Respondent overruled the motions to dismiss the appeals and sustained the motions for substitution. Thereupon the present proceedings in prohibition were instituted.

The essential facts are that on October 17, 1955, judgments were rendered by the Magistrate in question in favor of relator White for $125 actual damages and $825 punitive damages, and in favor of relator Joyce in the sum of $250 actual damages, in their respective cases filed against Oscar Rieger, growing out of the same automobile accident in Kansas City, Missouri. Before those suits were filed, a copy of the written demand on Rieger had been mailed to the Central Surety and Insurance Corporation by counsel for relators. Four

days after the date of those judgments, to-wit: October 21, 1955, Oscar Rieger died. Four days after his death, to-wit: October 25, 1955, the following "Notice of Appeal" was filed in the Magistrate Court in each case:

"Notice is hereby given that Oscar Rieger, defendant named above, hereby .appeals to the Circuit Court of Jackson County, Missouri, at Kansas City, Missouri, from the judgment entered in the above entitled cause in this Court on October 17, 1955.

"Watson Ess, Marshall & Enggas

Dated October
25, 1955.

Melvin J. Spencer
Attorneys for Appellant".

On the same day the above notices were filed, a recognizance was filed in each case in the Magistrate's Court which were alike, except as to the name of the plaintiff, as follows:

"We, the undersigned, Oscar Rieger and Central Surety and Insurance Corporation, acknowledge ourselves indebted to E. W. White in the sum of One Thousand Dollars ($1,000.00) to be void upon this condition.

"Whereas, Oscar Rieger has appealed from the judgment of Burroughs N. Mosman, a Magistrate, in an action between E. W. White, Plaintiff, and Oscar Rieger, Defendant; now, if on such appeal the judgment of the magistrate be affirmed or if on the trial anew in the appellate court judgment be given against the appellant, and he shall satisfy such judgment, or if his appeal shall be dismissed, and he shall pay the judgment of the magistrate, together with the cost of the appeal, this recognizance shall be void.

"Watson, Ess, Marshall & Enggas
By   Melvin J. Spencer
Attorneys for Defendant.

Central Surety and Insurance Corporation
By   R. L. Wood
Ray L. Wood
Attorney-In-Fact."

The next day after the notices of appeal and recognizances were so filed, to-wit: October. 26, 1955, Oscar Rieger's widow Alice M. Rieger, was appointed executrix of his estate. On December 15, 1955, the plaintiffs (relators) filed in the Circuit Court of Jackson County, Missouri, their motions, respectively, to dismiss the appeals on grounds that the notices of appeals were filed four days after the death of the defendant, and prior to the appointment of the executrix and granting of letters of administration, and that the executrix had not since filed notices of appeal within the time provided by law.

Notice was given that the hearing of the motions to dismiss the appeals would be had on December 22, 1955, before the respondent, then Assignment Judge of the Circuit Court of Jackson County, at Kansas City. On December 21, 1955, counsel who had represented the defendant Oscar Rieger in the cases before his death, together with counsel for the executrix, joined in filing motions in behalf of Alice M. Rieger, executrix, to substitute her, the executrix, as party defendant in the place and stead of Oscar Rieger in said causes. A notice to call up these motions for substitution before respondent on Decem-

ber 22, 1955, was left with the receptionist in the office of the counsel for the plaintiffs (relators) on December 21, 1955, the day before the date also set for the hearing of the plaintiffs' motions to dismiss the appeals.

On December 22, 1955, counsel for the plaintiffs (relators) started to present the motions to dismiss the appeals, whereupon counsel who had represented Oscar Rieger in the cases in the Magistrate's Court and who had joined with the counsel for the executrix of the estate of Oscar Rieger in the motions for substitution, called respondent's attention to the fact that their notice to call up the motions for substitution was probably insufficient as to time. A colloquy ensued between Court and counsel, and counsel for relators testified in the present proceedings that he merely stated to respondent that he was not there for the purpose of objecting to insufficient notice of the motions for substitution, but to present the plaintiffs' motions to dismiss the appeals. Counsel for the respondent, one of the same attorneys who filed and presented the motions for substitution, testified in the present proceedings that the attorney for the plaintiffs (relators) made no objections before respondent to the consideration of the motions for substitution and gave the impression that he was waiving any objection as to notice and jurisdiction over the persons of the plaintiffs as to the motions then pending. Counsel for the plaintiffs (relators) proceeded to present before respondent documentary evidence on the motions to dismiss, including certificate of the death of Mr. Rieger, the notices of appeal, recognizances filed, and argued the law in the matter. He did not state to respondent that his evidence was limited to the motions to dismiss the appeals. The respondent then overruled the motions to dismiss the appeals and upon inquiry by the counsel for the executrix regarding the motions for substitution, asked if the same evidence would apply to those motions, and being told by the counsel for the executrix that it would, respondent thereupon sustained the motions for substitution. Plaintiffs' attorney asked that his exceptions be noted to the ruling of the Court.

The relators rely principally upon Section 512.190 RSMo 1949, V.A.M.S., which provides in part as follows: "A party or his agent may appeal from a judgment by filing notice of appeal with the magistrate within ten days after the judgment is rendered * * *". The section further requires the filing of a recognizance if execution be stayed pending appeal. The relators further rely on Section 512.260, which provides: "If * * * the party entitled to an appeal die within the time allowed for entering the same, it shall be taken within ten days after * * * an administrator or executor shall have qualified * * *". It is not contended that since the appointment of the executrix or since respondent sustained her motion for substitution, that she has filed or undertaken to file any other notices of appeal than the ones filed on October 25, 1955, by former counsel for her husband, then deceased.

At the hearing of the present proceeding in this court counsel for respondent offered in evidence an insurance policy similar to one issued to the deceased Oscar Rieger during his lifetime, covering certain liability therein described arising out of the operation of his automobile. It was not claimed that the instrument itself was the policy in effect at the time the cases were pending in the Magistrate Court, but that the terms were the same, and had been renewed by another policy. There was evidence that the renewed policy referred to had been lost since Mr. Rieger's death. The respondent contended that under the terms of the policy the insured Oscar Rieger delegated and relinquished to the insurance company, the Central Surety and Insurance Corporation, the insurer, all right and control over the trial and disposition of relators' cases and claims in the

Magistrate's Court referred to, and that therefore the attorneys who represented the insured therein and who had been retained for that purpose by the Central Surety and Insurance Company "had actual and subsisting authority to prosecute the appeals, notwithstanding Oscar Rieger's death".

■ The respondent further asserts that under these circumstances the Central Surety and Insurance Corporation became an "aggrieved" person under Section 512.-180 and Section 512.190, and as such had a statutory right to appeal thereunder; that under Section 512.270 no error, defect or imperfection in the notices of appeal should affect the authority of the circuit court to entertain the appeals. Over the objection of the relators we received the policy in evidence, subject to a later determination of its relevancy and competence. We now conclude that the policy is irrelevant and does not tend to authorize the notices of appeal as filed. The objection was well taken. Respondent further contends that relators entered their appearance for all purposes in the appeals by participating in the presentation of the motions of the executrix for substitution, as hereinbefore described.

■ We believe it would serve no good purpose to discuss the respondent's theory of the qualifications of the Central Surety and Insurance Corporation to appeal as an aggrieved person or party under the circumstances and under the authority of the above sections, or whether, even considering the policy offered in evidence, that company became authorized to take any of the steps for appeal required by Section 512.190, or whether or not the relators may be held to have waived objection to the want of jurisdiction over their persons at the time the motions for substitution were ruled on by the respondent. Unless the respondent had jurisdiction over the relators' cases which were certified from the Magistrate's Court, he would have no authority to make any order in them except to dismiss the appeals. The record plainly shows that notwithstanding the plain words of the notices of appeal, as filed, Oscar Rieger did not give or file any notices of appeal because he was deceased at the time, and that the attorneys purporting to have done so in his behalf did not do so during his lifetime or with his authority, nor was there any attempt to file any notice of appeal in the name or in behalf of the Central Surety and Insurance Corporation upon any theory of delegated authority or aggrievance, or otherwise. The notices of appeal of which the Surety Company seeks to avail itself, expressly stated that Oscar Rieger, the defendant, was the appellant, and they were signed in his behalf by counsel who had represented him in the case before his death. The record will not justify the construction that the notices of appeal were given in the name or in behalf of any other person, or that any attempt was made to do so.

Furthermore, the recognizances filed with the notices of appeal showed the capacities intended, namely, Oscar Rieger, as principal, Central Surety and Insurance Corporation, as the surety, and they recite that Oscar Rieger has appealed from the judgments, and designate him therein as the defendant and appellant. The insurance company is in no position to claim that it was both the principal and surety on the appellant's recognizances.

■ The general rule is that the relationship between an attorney and client in a lawsuit is one of agency, and that upon the death of the client, that relationship terminates, with all authority incidental thereto, and the attorneys have no authority to take any further steps whatsoever in behalf of the deceased party unless and until authorized by the personal representatives of the deceased, duly qualified. It is said in 7 C.J.S., Attorney and Client, § 113, p. 945, that: "Although the attorney has received no notice thereof, the death of the

client, * * * ordinarily terminates the relation of attorney and client and the powers and duties which the attorney would otherwise have by reason of the employment. Accordingly, it has been held that after the death * * * of his client the attorney has no power to * * * take any step or action with reference to appellate proceedings or the perfection thereof * * *".

In 5 Am.Jur. the general rule is stated as follows (p. 282, Sec. 37): "It is a well-established general rule that the relation of attorney and client is terminated by the death of the client. In the absence of a retainer from the personal representatives of his deceased client, the attorney has thereafter no further power or authority to appear or take any further action on behalf of the deceased".

It was said in Basman v. Frank, Mo.Sup., 250 S.W.2d 989, 994, by Judge Hyde, speaking for the Supreme Court en banc: "It is true that, where a party to an action dies, the authority of his attorney is terminated, and authority to proceed further must be obtained by employment by the deceased's personal representative".

In Carter v. Burns, 332 Mo. 1128, at page 1138, 61 S.W.2d 933, at page 937, the court said: "It is true that the authorities cited by respondent hold that where a party to an action dies after judgment, the authority of his attorney is terminated, and to prosecute an appeal, or otherwise act in the case so as to bind anyone, he must obtain authority by employment by the deceased's personal representative". The Court cited Prior v. Kiso, 96 Mo. 303, 9 S.W. 898; Crawford v. Chicago, R. I. & P. Ry. Co., 171 Mo. 68, 66 S.W. 350; Chicago, R. I. & P. Ry. Co. v. Woodson, 110 Mo.App. 208, 85 S.W. 105, and McCormick v. Shaughnessy, 19 Idaho 465, 114 P. 22, 34 L.R.A.,N.S., 1188.

The right of appeal is statutory and is available upon strict compliance with the statutory requirements. In Thomas v. Missouri Town Mutual Fire Ins. Co., 89 Mo. App. 12, the affidavit for appeal read: "W. M. Bressler, the defendant's agent, on his oath says that the appeal prayed for by him is not made for vexation or delay, but because he considers himself aggrieved by the judgment and decision of the court". The Court said the affidavit stated that the affiant was aggrieved at the decision and was taking the appeal. The Court further said at page 14: "It is the appellant that must be aggrieved and not the agent. We have no doubt but what the agent and attorney who made the affidavit felt aggrieved by the action of the court; but it is possible the appellant may have felt differently". The affidavit was held insufficient and the appeal dismissed.

In the early case of Kelm v. Hunkler, 49 Mo.App. 664, no affidavit or bond for appeal from the Justice of the Peace was filed within the statutory time. Upon citation, the Justice granted the appeal and an insufficient bond was filed. A motion to dismiss the appeal was then filed in the Circuit Court, which was then overruled. A trial was had upon the merits which resulted in a judgment for the plaintiff and defendant appealed. In respect to the motion to appeal from the Justice of the Peace, the Court of Appeals said, at page 670: "This question must be carefully considered, because it lies at the foundation of the jurisdiction of the circuit court and of this court. The jurisdiction of the circuit court in cases appealed to it from justices of the peace is acquired in a special and statutory manner, and it is necessary in every case that it should appear somewhere by the record that an appeal was granted in compliance with law". In disposing of the case the Court said, at page 674: "We must conclude from the foregoing that the record fails to show that an appeal was ever properly taken and perfected from the justice of the peace to the circuit court; that, consequently, the circuit court had no jurisdiction to proceed to a trial of the merits, and that we have no jurisdiction except to

order that the judgment of the circuit court be reversed, and the cause remanded with directions to that court to strike the cause from its docket for want of jurisdiction. It is so ordered".

 The question before us, as we view it, is one in which the facts stand conceded and the question of the jurisdiction of respondent is one of law, which this court may determine in a prohibition proceeding. State ex rel. Addison v. Bowron, 335 Mo. 1052, 75 S.W.2d 850, 851. Under the conceded facts there were no valid notices of appeal filed at all. The situation is not one where only defects or errors appear in a proceeding to appeal, which must be disregarded in an appeal from the Magistrate's Court. Section 512.270 RSMo 1949, V.A.M.S. With no valid notices of appeal, no jurisdiction vests in the circuit court over the cases sought to be appealed. As said in Comstock v. Tegarden Packing Co., 171 Mo.App. 410, 417, 156 S.W. 815, 817: "The giving of proper and timely notice of an appeal from the justice court, where the appeal is not allowed on the same day the judgment is rendered by the justice, is a matter going to the jurisdiction of the circuit court to hear and determine the case or to do anything other than affirm the judgment, or dismiss the appeal, at the option of the appellee. Section 7584, R.S. 1909." See, also, Floyd v. Klein, Mo.App., 298 S.W. 99. Under the conditions of the record we believe that prohibition is the proper remedy in the instant case. State ex rel. Bernero v. McQuillin, 246 Mo. 517, 152 S.W. 347.

Under the evidence and the law applicable thereto it is our conclusion that the alternative writ should be made permanent and that respondent should undertake no further exercise of jurisdiction over the cases of relators in the Magistrate's Court described except to dismiss the appeals and to return the transcript to the Magistrate. It is so ordered.

All concur.