111 P.3d 130

STATE of Idaho, Plaintiff–Respondent,

v.

David William KORSEN, Defendant–
Appellant.

No. 31016.

Supreme Court of Idaho,
Boise, February 2005 Term.

April 1, 2005.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Eric D. Fredericksen argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Lori A. Fleming argued.

JONES, Justice.

The State requested review of a decision of the Idaho Court of Appeals, granting the State Appellate Public Defender's (SAPD's) motion to abate *ab initio* all criminal proceedings against David William Korsen. Korsen had been sentenced to concurrent unified sentences of fifteen years and ordered to pay court costs and fees after being convicted on two counts of second degree kidnapping. Korsen died while his appeal was pending. We hold that abatement applies only to the custody or incarceration provisions of a judgment of conviction, and that Korsen's conviction and order of restitution remain intact.

I.

FACTUAL AND PROCEDURAL
BACKGROUND

Korsen was found guilty by a district court jury of two counts of kidnapping in the second degree, Idaho Code § 18–4501(2) and 18–4503, for withholding his children from their mother for approximately two months

in violation of a custody order. Korsen was sentenced to concurrent unified sentences of fifteen years, with two and one-half years determinate, and ordered to pay court costs and fees in the sum of $13,773.53, including $13,685.03 in restitution pursuant to Idaho Code § 19–5304.[1] No fine was imposed. Korsen appealed from his judgment of conviction and sentence. The appeal was assigned to the Idaho Court of Appeals on March 11, 2003. Korsen was released from the Department of Corrections and placed on parole. On March 31, 2003, the Court of Appeals issued an order approving the parties' stipulation to submit the case for decision on the briefs.

Korsen was found dead of apparent suicide on or about July 16, 2003. The SAPD filed a motion to abate *ab initio* all criminal proceedings against Korsen. The State opposed that motion, and countered with a motion to dismiss Korsen's appeal, which, if granted, would have had the effect of leaving the underlying conviction intact. The Court of Appeals held that abatement *ab initio* is the law of Idaho, granted the SAPD's motion to abate *ab initio*, and denied the State's motion to dismiss. The State filed a Petition for Review which was accepted by this Court on August 10, 2004. The State asserts the SAPD did not have the authority to file the motion to abate and that the Court of Appeals erred when it granted the motion to abate *ab initio*.

## II.

## ANALYSIS

▋ When considering a case on review from the Court of Appeals, this Court gives serious consideration to the Court of Appeals decision. *Leavitt v. Swain,* 133 Idaho 624, 627, 991 P.2d 349, 352 (1999). We exercise free review over matters of law. *Iron Eagle Dev., LLC v. Quality Design Systems, Inc.,* 138 Idaho 487, 491, 65 P.3d 509, 513 (2003).

### A. Korsen's Attorney Had The Authority To File The Motion To Abate.

The State asserts that Korsen's death terminated appellate counsel's authority to act on his behalf and divested the appellate court of jurisdiction to do anything other than dismiss the appeal. The State contends the only means that would have allowed appellate counsel to continue to represent Korsen's interests would have been to substitute a third party in Korsen's place under I.A.R. 7. The SAPD argues I.A.R. 7 does not apply to criminal cases and that appellate counsel had the authority, and was obligated, to act on behalf of Korsen.

The State cites *McCornick v. Shaughnessy,* 19 Idaho 465, 114 P. 22 (1911), to support its contention that appellate counsel did not have authority to act on Korsen's behalf following his death. In *Shaughnessy,* judgment was rendered in favor of the plaintiff, and the attorneys who had represented the defendants at trial filed a notice of appeal. *Id.* at 467, 114 P. at 22 (1911). After the appeal was perfected, the defendant died but no substitution was made in the case. *Id.* After noting that the attorneys who filed the appeal on behalf of Shaughnessy had apparently thereafter withdrawn and that a new attorney, who had no connection with the case prior to Shaughnessy's death, was now purporting to represent Shaughnessy, this Court dismissed the appeal. *Id.* at 469, 114 P. at 23. The Court stated that an attorney's authority in an action ceases upon the death of the client and that the attorney may not proceed without the substitution of a representative who can authorize him to do so.

The State acknowledges that *Shaughnessy* was a civil action, but argues that I.A.R. 7, which governs substitution of a party following the death or disability of a party, also applies to criminal cases. Rule 7 provides:

Upon the death or disability of a party to a proceeding governed by these rules, or upon the assignment, transfer, or the accession to the interest or office of party to a proceeding governed by these rules by another person, the representative, or suc-

---

1. In addition to the restitution, Korsen was ordered to pay $32.50 in court costs (I.C. § 31–3201A), $6 for the peace officers standards and training fund (I.C. § 31–3201B), and $50 to the victims' compensation fund (I.C. § 72–1025).

cessor in interest of such party shall file a notification of substitution of party and serve the same on all parties to the proceeding or appeal.

The State claims the rule extends to criminal cases because the rule states it applies to proceedings "governed by these rules" and criminal cases are governed by the Idaho Appellate Rules. The State cites *U.S. v. Dwyer*, 855 F.2d 144 (3d Cir.1988), as an example of a criminal case in which the court held the attorneys lost the authority to act on behalf of their client after his suicide. The Third Circuit held that the attorneys who had represented Dwyer "lacked the legal authority to act as his agents after his death and thus had no standing to move to abate his conviction" following Dwyer's suicide, which occurred after his conviction and prior to his sentencing. *U.S. v. Dwyer*, 855 F.2d 144, 145 (3d Cir.1988). However, in 2001 the Third Circuit suggested that the issue of appellate court jurisdiction is not present where the defendant dies after appealing, as is the situation here, as opposed to before an appeal has been filed, as was the case in *Dwyer*. *U.S. v. Christopher*, 273 F.3d 294, 297 (3d Cir.2001). The court held that *Dwyer* is "clearly distinguishable from a situation in which the defendant dies after appealing the entry of a judgment of sentence." *Id.*

The SAPD argues that no substitution is required in a criminal case where the defendant dies while an appeal is pending. The SAPD notes that the right of an attorney to withdraw from representation of a client differs greatly, depending on whether the case is a criminal or civil matter. An attorney in a criminal case may not withdraw from representation of a defendant without leave of court under I.C.R. 44.1. Rule 44.1 provides:

> No attorney may withdraw as an attorney of record for any defendant in any criminal action without first obtaining leave and order of the court upon notice to the prosecuting attorney and the defendant except as provided in this rule. Leave to withdraw as the attorney of record for a defendant may be granted by the court for good cause. Provided, an attorney may withdraw at any time after the final determina-

tion and disposition of the criminal action by the dismissal of the complaint or information, the acquittal of the defendant, or the entry of a judgment of conviction and sentence; but in the event of conviction an attorney may not withdraw without leave of the court until the expiration of the time for appeal from the judgment of conviction.

From this, the SAPD asserts that appellate counsel not only had the right to file the motion to abate, but also had the obligation to continue to act in Korsen's best interests. It is argued this obligation could only be terminated at the final determination and disposition of the criminal action or following a motion and showing good cause. The SAPD urges this Court to agree with the South Dakota Supreme Court when it stated:

> [T]here is no statute or provision of the state constitution that provides for disposition of a criminal appeal in the event of the death of a defendant pending that appeal. Our state's statutes allowing substitution of a party in the event of the party's death, SDCL 15-6-25(a)—(e), have heretofore been applied only to civil litigation and, under the present statutory scheme, cannot be construed to apply to criminal appeals.

*State v. Hoxsie*, 570 N.W.2d 379, 379–80 (S.D.1997). Like the Idaho rule that governs substitution, the statute referred to by the South Dakota Supreme Court does not specifically state that it only applies to civil actions.

Of further interest in this regard is the fact that I.R.C.P. 25(a) specifically provides for the substitution of a successor or representative of a deceased party in a civil action. The Idaho Criminal Rules contain no comparable provision. Idaho Appellate Rule 7 appears to be the appellate counterpart of I.R.C.P. 25(a). Both rules are primarily designed to allow for the substitution of a successor or representative to carry on and conclude civil litigation upon the death of a deceased party.

In this case, no issues of a civil nature have been presented on appeal. Korsen has not directly challenged the restitution order. Thus, we do not address the questions of whether a representative or successor may

challenge a restitution order following the death of a convicted criminal appellant or whether substitution is required or appropriate in such a matter. We hold that substitution under I.A.R. 7 is not necessary in the circumstances of this case, where the attorney for the deceased criminal appellant has not been granted leave to withdraw and merely wishes to conclude the criminal proceeding.

## B. Korsen's Death Does Not Require Abatement Of The Conviction.

Having concluded that the motions of the parties are properly before the Court, we now turn to consideration of whether the death of a convicted criminal appellant requires abatement *ab initio* of all criminal proceedings. The only case on point is *State v. Stotter*, 67 Idaho 210, 175 P.2d 402 (1946), where this Court appears to have embraced the doctrine of abatement *ab initio*. The parties disagree regarding the holding in *State v. Stotter*. In that case, Stotter was convicted of knowingly permitting the sale of intoxicating liquors on his premises in violation of the Boise City Code. *Id.* at 212, 175 P.2d at 402. He was sentenced to thirty days in jail and ordered to pay a $300 fine. Stotter appealed but died while his appeal was pending. This Court held that the judgment imposing the $300 fine abated upon his death. *Id.* at 214, 175 P.2d at 404. The State argues this Court did not adopt the doctrine of abatement *ab initio* because it was not presented with the question of whether Stotter's conviction abated, the only issue was whether the portion of the judgment imposing the fine abated. The SAPD argues this Court followed the doctrine of abatement *ab initio* and that the doctrine is the controlling law in Idaho. The *Stotter* opinion concludes, "[I]t is adjudged that all proceedings in this case have permanently abated, and that the district court of Ada County enter an appropriate order to that effect." *Id.*

The Court's rationale for abating the fine is of particular interest. It was noted that the fine was imposed for punishment, not compensation, and that the death of the convicted appellant eliminated the need for punishment. The Court stated:

> In case where a fine is imposed as a punishment, no principle of compensation is involved. A fine is imposed for the purpose of punishing the offender, and when an offender dies, he passes beyond the power of human punishment. There could be no justice in enforcing a fine against the estate of an offender, for such a course would punish only the family or those otherwise interested in the estate.

*Id.* at 213–14, 175 P.2d at 403 (quoting *Blackwell v. State*, 185 Ind. 227, 113 N.E. 723 (1916)). Since no public policy would have been served by refusing to abate the punishment, the criminal proceedings were abated.

The SAPD correctly asserts that "of the states that have addressed the issue, abatement *ab initio* continues to be the preferred disposition." *State v. Wheat*, 907 So.2d 461, 2005 WL 32315, *2 (Ala., Jan.7, 2005) (quoting *People v. Robinson*, 298 Ill.App.3d 866, 232 Ill.Dec. 901, 699 N.E.2d 1086, 1091 (1998)). However, when reviewing the most recent cases, it is apparent that the trend has been away from abating a deceased defendants conviction *ab initio*. *See id.; People v. Ekinici*, 191 Misc.2d 510, 743 N.Y.S.2d 651, 657 (N.Y.Sup.Ct.2002); *State v. Hoxsie, supra; State v. Salazar*, 123 N.M. 778, 945 P.2d 996 (1997); *State v. Clements*, 668 So.2d 980 (Fla.1996); *People v. Peters*, 449 Mich. 515, 537 N.W.2d 160 (1995); *State v. Makaila*, 79 Hawai'i 40, 897 P.2d 967 (1995); *State v. Christensen*, 866 P.2d 533, 536–537 (Utah 1993); *Perry v. State*, 575 A.2d 1154 (Del. 1990). The Supreme Court of Alabama recently noted, "*We expect this trend will continue as the courts and public begin to appreciate the callous impact such a procedure necessarily has on the surviving victims of violent crime.*" *State v. Wheat, supra at *2, at —— (italics in original) (quoting *Robinson*, 232 Ill.Dec. 901, 699 N.E.2d at 1092).

The Alabama Supreme Court held in *State v. Wheat* that the defendants death pending appeal did not operate to abate his convictions *ab initio*. *Id.* at *3 at ——. In that case, the defendant had been convicted of five counts of capital murder and died while

his appeal was pending. *Id.* at \*1 at ——. The court noted in its discussion:

> In a case such as this one, the conviction has not been tested on appeal, yet abating it *ab initio* presumes that the appeal, if it had proceeded to conclusion, would have resulted in a reversal of the judgment with an instruction to the trial court to enter a judgment of acquittal. Merely allowing the conviction to stand, on the other hand, presumes that the appeal would have been unsuccessful.

*Id.* at \*2 at ——. The New York Supreme Court, Kings County, stated the rationale for non-abatement as follows:

> The rational[e] of the cases that dismiss the appeal but do not vacate the judgment is that after conviction and before appeal the presumption of innocence ceases to exist, there is a presumption of regularity of the conviction, the State has an interest in maintaining a conviction presumed to be validly obtained and the victim of the crime has an interest in knowing that the perpetrator has been convicted. It is important to note that the United States Supreme Court has held that after conviction and before appeal the presumption of innocence ends. Indeed, the Supreme Court of the United States has stated that after trial and before appeal there is a presumption of guilt.

*People v. Ekinici,* supra at 658 (citations omitted).

While Korsen reasonably argues that this Court should apply the doctrine of abatement *ab initio* because it is the majority rule and appears to have been applied in *Stotter,* there is a strong public policy against the doctrine. Abatement *ab initio* allows a defendant to stand as if he never had been indicted or convicted. *U.S. v. Schumann,* 861 F.2d 1234, 1237 (11th Cir.1988). The State points out in its briefing that, while the defendant will never be able to appreciate the benefits of abatement, such a result "is particularly unfair to crime victims who have participated in often times painful trials only to see a hard won conviction overturned, not because of any error in the criminal proceedings, but simply as a matter of routine procedure based upon the arbitrary timing of the defendant's death."

When *Stotter* was decided in 1946, the abatement doctrine was appropriate since, at that time, there was generally no non-punitive effect of a criminal conviction and sentence. Clearly, a person could not be incarcerated after he died and a fine no longer served a punitive purpose. Therefore, there was no good reason for not abating the proceeding.

In recent years, the state of Idaho has participated in the modern trend to require the guilty to bear the economic burden of their criminal activity. Numerous provisions enacted in recent years are designed to require convicted criminal defendants to shoulder the cost of criminal proceedings. Idaho Code § 19–854 authorizes courts to require reimbursement for public defender services. The Legislature has provided in chapter 32, title 31, Idaho Code, for the imposition of a variety of court costs and fees in criminal proceedings. Idaho Code §§ 19–5307 and 72–1025 provide for the imposition of fines for the benefit, respectively, of crime victims and of the state crime victims compensation account. Idaho Code § 20–225 provides for contribution toward the cost of probation or parole supervision. It is not likely that the Legislature intended these or similar charges, at least to the extent accrued to the date of death, to abate upon the death of a convicted criminal defendant, whether or not an appeal was pending.

Idaho has also provided substantial constitutional and statutory rights and protections for victims of crime. Idaho Code § 19–5306(1) mandates substantial rights for crime victims, including that they be "[t]reated with fairness, respect, dignity and privacy throughout the criminal justice process." Idaho Code § 19–5304(2) provides:

> Unless the court determines that an order of restitution would be inappropriate or undesirable, it shall order *a defendant found guilty* of any crime which results in an economic loss to the victim to make restitution to the victim. An order of restitution shall be a separate written order in addition to any other sentence the court may impose, including incarceration, and

may be complete, partial, or nominal. The court may also include restitution as a term and condition of judgment of conviction; however, if a court orders restitution in the judgment of conviction and in a separate written order, a defendant shall not be required to make restitution in an amount beyond that authorized by this chapter. Restitution shall be ordered for any economic loss which the victim actually suffers. The existence of a policy of insurance covering the victim's loss shall not absolve the defendant of the obligation to pay restitution.

(Emphasis added). Idaho Code § 19–5307 provides for payment of a fine upon conviction of certain offenses, to be paid over to the victim in addition to any restitution ordered. The people of Idaho subsequently enshrined these rights of crime victims in the Constitution of the State of Idaho at the general election on November 8, 1994. *See* Art. I, § 22, Idaho Constitution.

With the enactment of I.C. § 19–5304(2), there is a strong public policy ground for not abating a criminal conviction. If the conviction is abated, it may abate the restitution order because, under the statute, a conviction or finding of guilt is necessary for an order of restitution. Further, abatement of the conviction would deny the victim of the fairness, respect and dignity guaranteed by these laws by preventing the finality and closure they are designed to provide.

Thus, by virtue of the substantial changes brought about by the above-referenced provisions, particularly the victims' rights provisions, we hold that a criminal conviction and any attendant order requiring payment of court costs and fees, restitution or other sums to the victim, or other similar charges, are not abated, but remain intact, in the event of the defendant's death following conviction and pending appeal. Such provisions are compensatory in nature and public policy does not favor their abatement. Provisions of the judgment of conviction pertaining to custody and incarceration are necessarily abated upon death without the necessity of a court order. Since we are not presented with the specific question addressed in *Stotter, i.e.* whether a fine imposed for punitive purposes is abated, we do not address it. To the extent that *Stotter* conflicts with our holding, it is overruled.

## III.

## CONCLUSION

Korsen's conviction and the order for payment of court costs and fees, including restitution, shall remain intact. The provisions of the judgment of conviction pertaining to custody or incarceration are abated. The appeal is dismissed.

Chief Justice SCHROEDER, Justices TROUT and EISMANN, and Justice CAREY Pro Tem concur.

