# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 35027

KURT J. DYPWICK, )
)
    Claimant-Appellant, )
)    **Boise, May 2009 Term**
)
v. )
)    **2009 Opinion No. 70**
)
SWIFT TRANSPORTATION CO., INC., )
Employer, and IDAHO DEPARTMENT OF )    **Filed: May 29, 2009**
LABOR, )
)    **Stephen W. Kenyon, Clerk**
    Respondents. )
_____ )

Appeal from the Idaho Industrial Commission.

The appeal of the Industrial Commission's decision is <u>dismissed</u>.

Kurt J. Dypwick, Missoula, Montana, appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent.

_____

J. JONES, Justice

Kurt Dypwick appealed the Industrial Commission's decision upholding the denial of his claim for unemployment insurance benefits, but died while the appeal was pending before this Court. We dismiss the appeal.

## I.

In July 2006, Kurt Dypwick began working as a truck driver for Swift Transportation Company (Swift). While employed by Swift, Dypwick was involved in at least two preventable accidents. After the second accident, Swift's safety manager informed Dypwick that his employment with Swift would be terminated if he had a third preventable accident. Approximately six weeks after Dypwick received this warning, he was assigned to transport a trailer from Boise, Idaho to Salt Lake City, Utah. When Dypwick arrived with the trailer in Salt Lake City, there was visible damage to the exterior side of the trailer. Because the trailer left

1

Boise with no reported damage and arrived in Salt Lake City damaged, Swift concluded that Dypwick had been involved in a third preventable accident and, therefore, terminated his employment.

After being discharged, Dypwick filed a claim for unemployment insurance benefits. Initially, the claim was reviewed by a Claims Examiner who denied the claim after determining that Dypwick was discharged for employment-related misconduct and, thus, was ineligible for benefits. Dypwick appealed the Claims Examiner's decision to an Appeals Examiner and then to the Industrial Commission, but both appeals were unsuccessful.

On February 26, 2008, Dypwick filed an appeal with this Court challenging the Commission's decision upholding the denial of his claim for benefits. His appeal was originally scheduled to be heard on January 16, 2009, but was suspended after the Court received notice that Dypwick had passed away on September 30, 2008. Upon receiving this information, the Court Clerk notified Dypwick's mother that his appeal would be suspended for ninety days to allow his estate to file a motion to substitute. On April 7, 2009, the ninety day period expired with no substitution having been made. Nonetheless, Dypwick's appeal was reinstated and placed on the Court's May calendar to be considered on the briefs. In the appeal, Dypwick argues the Commission erred in concluding that he was discharged for employment-related misconduct.

## II.

On appeal, we are concerned with two issues: (1) whether we should consider the merits of Dypwick's appeal given his estate's failure to file a notice of substitution; and (2), if so, whether the Commission's conclusion that Dypwick was discharged for employment-related misconduct was supported by substantial and competent evidence.

Under Idaho Rule of Appellate Procedure 7, when a party to an appeal dies, that party's representative or successor in interest must file a notification of substitution of party. Idaho App. R. 7. The notice must be served on all parties to the appeal and, if not objected to within fourteen days of service, will become effective. *Id.* Rule 7 does not impose any consequences for failing to file a notice of substitution. The Idaho Rules of Civil Procedure, however, indicate that, in the event of a party's death, a failure to substitute may result in the dismissal of the action. Rule of Civil Procedure 25(a), which has been characterized as the counterpart of Appellate Rule 7, provides:

2

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by the successors or representatives of the deceased party or by any party and together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons. *If substitution is not made within a reasonable time, the action may be dismissed as to the deceased party*.

Idaho R. Civ. P. 25(a) (emphasis added); *see also State v. Korsen*, 141 Idaho 445, 447, 111 P.3d 130, 132 (2005). The rule's permissive language vests courts with the discretion to decide whether to dismiss an action when there is a failure to substitute.

Although the Rules of Civil Procedure would not have applied to Dypwick's claim, since the proceedings were before the Industrial Commission, the Employment Security Law contemplates the substitution of certain survivors in place of a deceased claimant in proceedings to collect unemployment benefits due upon his or her death. Idaho Code § 72-1370 provides:

> Whenever a benefit claimant dies, having completed a compensable period prior to his death, benefits due the deceased claimant at the time of death shall be payable, without administration, to the surviving spouse, if any, or, if there be no surviving spouse, to the dependent child or children.

Rule 7 does not affirmatively require us to either dismiss or entertain an appeal under these circumstances, but there is no apparent reason to distinguish substitution at the trial court level from substitution at the appellate level. Thus, we conclude that this Court has discretion under Rule 7 to either consider the merits of an appeal or dismiss the appeal in the event of a failure to substitute.

Here, in exercising our discretion, we decline to consider the merits of Dypwick's appeal. Two factors disfavor review on the merits. First, no survivor of Dypwick has filed a motion for substitution. On December 18, 2008, Dypwick's mother, Patricia Coffelt, filed with the Court a document titled Ex-Parte Request to Continue Appeal, notifying the Court of Dypwick's death and requesting that his appeal be considered and decided. Coffelt was thereafter advised that the Court would allow a motion for substitution to be filed within three months. No such motion has been filed nor has the Court been provided with any information regarding an intention to do so. Second, it is not clear that Dypwick's claim survived his death, as the record fails to disclose that Dypwick left a surviving spouse or dependent child who would be eligible to receive any

3

benefits.[1]  A brief obituary furnished by his mother makes no mention of such a survivor.  For these reasons, we decline to consider whether the Commission erred in upholding the denial of Dypwick's claim for benefits.

### III.

Dypwick's appeal of the Commission's decision upholding the denial of his claim for unemployment insurance benefits is hereby dismissed.

Chief Justice EISMANN, and Justices BURDICK, W. JONES and HORTON CONCUR.

---

[1] The Department of Labor rule pertaining to survival appears to impermissibly expand the category of beneficiaries entitled to receive a deceased claimant's benefits.  While Idaho Code § 72-1370 limits beneficiaries to a surviving spouse or, failing that, to a dependent child or children, the Department's Rule 225 expands the class of beneficiaries to include the deceased claimant's estate.  IDAPA 09.01.30.225.  Although we need not decide the matter for purposes of this appeal, it certainly appears as if the Department has gone beyond what the Legislature intended in this regard.