[Criminal No. 633. Filed January 28, 1929.]

[274 Pac. 168.]

CLARENCE LAMOREAUX, Appellant, v. STATE, Respondent.

See Criminal Law, 17 C. J., sec. 3510, p. 193, n. 64.

Mr. C. B. Wilson and Messrs. Chalmers, Fennemore & Nairn, for Appellant.

Mr. John W. Murphy, Attorney General, and Mr. Earl Anderson, Assistant Attorney General, for the State.

ROSS, J.—Clarence Lamoreaux, by information filed in the superior court of Mohave county on the seventh day of November, 1924, was charged under chapter 29, Laws 1923, with grazing and herding sheep upon a cattle range. In May, 1925, he was tried and convicted. The sentence of the court, dated May 26th, was that defendant pay a fine of two hundred and fifty dollars or, in default thereof, that he be imprisoned for sixty days in the county jail of Mohave county.

On the twenty-third day of July he filed with the clerk of the court written notice of appeal from the order overruling his motion for a new trial, and from the judgment.

On looking into the record we discover that no bond on appeal was ever filed, probably for the good reason that there was nothing to stay; also, that the following order was made and entered at the time of imposing sentence:

"C. B. Wilson, Esq. (attorney for defendant) asks that the Court have the record show that cash bail is now in the hands of the Clerk and that said fine will be paid forthwith; that the jail part of said sentence be eliminated, and the Court considering this request

"Orders that such be done;

"It is further ordered by the Court that said fine be paid by the Clerk, taking from the cash bail now in his hands the sum of said fine and that the balance then remaining shall be returned to Mr. Lamoreaux."

It is seen that the sentence as finally modified was that the defendant pay a fine only, and it also appears that this fine was paid at that time. In other words, the sentence of the court was fully satisfied.

We think it is the universal rule of appellate courts to refuse to review a case when the judgment below has been satisfied, because all questions that might have been involved have become moot. The defendant voluntarily ended the case and ended his right and the court's power to pass on questions of error, which become of no judicial effect so far as concerns the satisfied sentence of the court below. *Bergdoll* v. *United States,* (C. C. A.) 279 Fed. 404; *Carey* v. *State,* 24 Okl. Cr. 273, 217 Pac. 895. The power and jurisdiction of the courts are limited to the review of real litigated questions and not mere mooted or fictitious propositions.

Because the questions involved have become mooted, and because there is no appeal bond filed, as the law (§ 1191, Pen. Code, 1913) requires in money judgments, the appeal is dismissed.

LOCKWOOD, C. J., and McALISTER, J., concur.