545 P.2d 1003

**STATE of Arizona, Appellee,**

v.

**Bessie Mae RICHARDS, Appellant.**

**No. I CA–CR 1191.**

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 19, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel Crim. Div., Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Martin, Feldhacker & Friedl by William H. Feldhacker, Phoenix, for appellant.

## OPINION

JACOBSON, Presiding Judge.

The sole issue raised by this appeal is the effect of the death of the appellant in a criminal case after the appeal has been perfected, but prior to the rendition of an opinion in that appeal.

On June 6, 1975, the appellant, Bessie Mae Richards, entered a plea of guilty to the crime of driving while intoxicated while her license was suspended, revoked or refused. A.R.S. § 28–692.02. She timely perfected an appeal from that judgment of guilt and the sentence imposed of suspension of sentence for one year on condition that she serve 60 days in the county jail. After the appeal was perfected and briefs filed in this court, but prior to submission of the matter to the court for consideration, the fact of her death was made a matter of record. The sole question thus presented is what is the affect of her death upon her appeal.

There is authority to the effect that the death of a criminal defendant pending appeal renders the appeal moot. *See*, Anno. Criminal Law—Moot Case, 9 A.L.R.3d 462, § 11. The generally conceded grounds for mootness are that in the event the judgment of conviction is affirmed, it is impossible of execution, and if the judgment is reversed, the accused is unavailable for a new trial. *Neville v. State*, 243 Ind. 28, 181 N.E.2d 638 (1962); *State v. Sholiton*, Ohio App., 70 Ohio Law Abst. 385, 128 N.E.2d 666 (1954).

Since Arizona has not spoken on this issue, it becomes our task to determine the effect of death upon the appeal itself. We agree that in cases where only the personal liberty of a defendant is involved, the death of the accused renders the appeal moot, for nothing on the appeal under those circumstances is going to affect that defendant. As was stated in *State v. Kriechbaum*, 219 Iowa 457, 258 N.W. 110 (1934): "Death withdrew the defendant from the jurisdiction of the court."

In this case we do not need to reach the issue of whether a fine or forfeiture of property based upon the prior conviction would require the same determination of mootness. Nor do we determine in a liberty only case, whether mootness is still viable where the prior conviction may have an effect on possible civil litigation. Also we do not determine whether the Rules of Civil Procedure dealing with substitution of parties for a deceased litigant are applicable in criminal appeals for there has been no request in this court for such a substitution. Finally, we do not reach the issue of the effect of the dismissal of this

**42**

appeal upon the underlying conviction appealed from, no proper request being before the court.

Based upon the limited record before us, this appeal is dismissed due to the death of the appellant, pending appeal.

HAIRE, Chief Judge, Division 1, and EUBANK, J., concur.