592 P.2d 374

**STATE of Arizona, Appellee,**

v.

**Robert C. GRIFFIN, Appellant.**

**No. 1 CA–CR 2230.**

Court of Appeals of Arizona,
Division 1,
Department A.

Jan. 19, 1978.

Rehearing Denied Feb. 14, 1978.

Review Granted March 7, 1978.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Paul J. Prato, Deputy Public Defender, Phoenix, for appellant.

## OPINION

FROEB, Chief Judge.

After a jury trial appellant was convicted of grand theft. The imposition of sentence was suspended and appellant was placed on probation for two years upon the condition that he make restitution in the amount of $135.16 and that he pay a $220 fine.

Appellant paid the fine and restitution and then timely filed his notice of appeal from the judgment and sentence. After briefs were filed in this court but prior to submission of the case to the court for consideration, appellee, through its motion to dismiss appeal, brought to the court's attention the fact of appellant's death. Citing *State v. Richards*, 26 Ariz. App. 41, 545 P.2d 1003 (1976), appellee argued that the appeal was moot. In response, appellant's court-appointed counsel, the Maricopa County Public Defender, correctly noted that this court specifically limited its holding in *Richards* to appeals where only the personal liberty of the defendant is involved. We took the motion to dismiss under advisement so that we could issue an opinion as to the effect of the appellant's death upon his appeal where a fine and restitution have been ordered.

The majority of jurisdictions which have considered the matter have not only considered the appeal moot but also hold that the proceedings below abate *ab initio*. Annot., 83 A.L.R.2d 864. The question is not of constitutional dimension, but the Supreme Court has reached the same conclusion. *Dove v. United States*, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976). This view has also been widely recognized by the lower federal courts. *Crooker v. United States*, 325 F.2d 318 (8th Cir., 1963). The reasons underlying the majority view are obvious. When a notice of appeal is filed, the judgment and sentence are not final. If the appeal were heard on its merits and the judgment were reversed, the defend-

ant's name would not be vindicated and yet there would be no retrial. On the other hand, if the judgment were affirmed, the fine or other penalty imposed could not be enforced against the defendant. In hearing argument and rendering a decision, the court would be engaging in a useless exercise.

Jurisdictions which permit review on the merits do so under specific statutes or rules permitting prosecution of a criminal appeal by a party, his legal representative, or any other person aggrieved by the final judgment. In these jurisdictions the decedent's name or reputation, even in death, has been held to be of sufficient interest to his family to permit the appeal. Annot., 9 A.L. R.3rd 462.

If this were a civil appeal, we would be guided by A.R.S. § 14–3110 and R.Civ.Proc., Rules 73(t) and 25(a), which deal with survival of actions and substitution of parties. However, there are no comparable statutes or rules in Arizona criminal proceedings, and we can conclude by inference that neither the Legislature nor the Arizona Supreme Court intended criminal proceedings to survive the death of the defendant.

Thus, we hold that the death of the appellant renders the appeal moot and the appeal is hereby dismissed. We remand the matter to the trial court with instructions to quash the indictment with prejudice.

We turn then to the fact that appellant has already paid the court-ordered fine and restitution, notwithstanding the provisions of R.Crim.Proc., Rule 31.6, providing for a stay of a sentence during the pendency of an appeal.

We hold that appellant's voluntary payment of the fine and restitution must be considered as an acceptance of the sentence and a waiver of the right to appeal from that portion of the judgment. *Lamoreaux v. State*, 35 Ariz. 24, 274 P. 168 (1929). We do not think the decision in *State v. Superior Court*, 93 Ariz. 351, 380 P.2d 1009 (1963) requires a contrary conclusion. That case involved an appeal from a misdemeanor conviction in city court to the superior court. By reason of the statutes involved, payment of the fine could only be stayed upon the posting of a bond. If the party appealing could not afford to post the bond, he had no alternative but to pay the fine. Yet, if he paid the fine, he would be foreclosed from appealing on the ground that he had satisfied the sentence. To avoid this result, the court decided that payment of the fine would not render the appeal moot. We think that the rationale of *State v. Superior Court* is inapplicable to criminal proceedings under the new Rules of Criminal Procedure where the sentence is fully stayed.

The appeal is dismissed and the case is remanded to the superior court for an order quashing the indictment.

HAIRE, P. J., and NELSON, J., concur.