592 P.2d 372

**STATE of Arizona, Appellee,**

v.

**Robert C. GRIFFIN, Appellant.**

No. 4203–PR.

Supreme Court of Arizona,
In Banc.

March 6, 1979.

Bruce E. Babbitt, Former Atty. Gen., John A. LaSota, Jr., Former Atty. Gen., Robert K. Corbin, Atty. Gen by William J. Schafer, III, and Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Paul J. Prato, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

Robert C. Griffin, appellant, was tried and convicted of grand theft. His sentence was suspended for two years, and he was placed on probation on the conditions that he make restitution in the amount of $135.16 to the victim, and pay a fine of $220. Appellant paid the fine and restitution, and thereafter he filed notice of appeal from the conviction and sentence.

After the filing of briefs in the Court of Appeals, but prior to the submission of the case to that court for consideration, the appellant died. The Court of Appeals, over the opposition of appellant's counsel, granted the motion of the state to dismiss the appeal as moot. *State v. Griffin*, 121 Ariz. 540, 592 P.2d 374 (App.1978). We granted review. The opinion of the Court of Appeals is vacated.

Counsel for the appellant contends that the dismissal of the appeal is proper if the amount of the fine and restitution are ordered paid to the estate of the appellant. Without such relief counsel contends that the appeal should be decided on the merits.

The great majority of jurisdictions which have considered the problem have ruled that death pending appellate review of a criminal conviction abates not only the appeal but also all proceedings had in the prosecution from its inception. *Durham v. United States*, 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971)[1]; *Crooker v. United States*, 325 F.2d 318 (8th Cir. 1963); *State v. Blake*, 53 Ohio App.2d 101, 371 N.E.2d

---

1. The rule stated by *Durham* does not apply to petitions for certiorari. In *Dove v. United States*, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976) the Supreme Court ruled that the petition for certiorari is to be dismissed upon the death of the petitioner. This rule applies only to petitions for certiorari, not appeals. *See United States v. Bechtel*, 547 F.2d 1379 (9th Cir. 1977).

843 (1977); *see also,* Annot. 83 A.L.R.2d 864 (1962). A few jurisdictions permit appellate review of a conviction after the death of the defendant, but generally such review has been specifically authorized by statute or rule of court. *See City of Newark v. Pulverman,* 12 N.J. 105, 95 A.2d 889 (1953); *Bagley v. State,* 122 So.2d 789 (Fla.App. 1960); 83 A.L.R.2d 860.

█ The only case in Arizona dealing with this issue is *State v. Richards,* 26 Ariz. App. 41, 545 P.2d 1003 (1976). The Court of Appeals dismissed the appeal in *Richards* without ruling on the effect of the death of the defendant on the underlying conviction. That undecided issue is presented by the present case, and we hold that death pending appeal abates the appeal and the conviction.

The rationale for death abating the criminal conviction is based on the fact that the interests of the state in protection of society have been satisfied, the imposition of punishment is impossible, and collection of fines or forfeiture result in punishing innocent third parties. The death of the defendant renders enforcement of the judgment impossible. As one court stated, "Death withdrew the defendant from the jurisdiction of the court. *State v. Kriechbaum,* 219 Iowa 457, 465, 258 N.W. 110, 113 (1934). The state has no substantial interest in attempting to maintain the conviction so the entire criminal proceeding abates from the beginning.

█ Counsel for appellant points out that the defendant has paid the fine and made restitution.[2] He contends that abatement of the action should include an order for reimbursement of the fine and restitution, and he argues that merely abating the

action will not give complete relief from the judgment of conviction.

The state contends that the provisions of 17 A.R.S. Rules of Criminal Procedure, rule 31.6 provide that a fine or restitution is stayed pending appeal. The action of the defendant in paying the fine would constitute a waiver of any claim for reimbursement. Whatever merit there may be in this contention, it should not be resolved in this case. With the death of the defendant there is no party to make any contentions or claims. In addition the payment of restitution was made to a third party whose interests are not represented in this matter.

The abatement of the criminal conviction is the only matter which can be legitimately settled in this action. The defendant's estate is not a party to this criminal case, and there is no provision of statute or rule of court which provides for substitution of the estate as a party in a criminal case. There are adequate civil procedures available for resolution of the collateral issues which may arise as a result of the abatement of the criminal case.

The appeal is dismissed, and the case is remanded to the superior court with directions to dismiss the indictment.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concurring.

2. Generally if the payment of a fine results in the satisfaction of the judgment of conviction, it moots the appeal. *Lamoreaux v. State,* 35 Ariz. 24, 274 P. 168 (1929); *Perry v. State,* 62 Ga.App. 115, 8 S.E.2d 425 (1940). In this case the payment of the fine did not result in the final disposition of the case because the defendant was also placed on probation.