**Vincent L. PERRY, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: May 1, 1990.
Decided: May 25, 1990.

---

John C. Phillips, Jr. of Phillips & Snyder, P.A.; Wilmington, and John J. Duffy and Joseph P. Green, Jr. of Duffy & Green, West Chester, Pa., for appellant.

Richard E. Fairbanks, Jr. and Loren C. Meyers, Deputy Attys. Gen., Wilmington, for appellee.

Before CHRISTIE, C.J., HORSEY, MOORE, WALSH and HOLLAND, JJ. (constituting the Court en banc).

HOLLAND, Justice:

The defendant-appellant, Vincent L. Perry ("Perry"), and his co-defendant, Charles Kevin Kelly ("Kelly"), were charged with having planned and procured the execution-style murder of a witness, who was to testify against Perry in a drug case. After a six-week trial, Perry and Kelly were convicted of Murder in the First Degree and Conspiracy in the First Degree. Both Perry and Kelly were sentenced to imprisonment for life. They appealed to this Court. The issues were fully briefed and argued twice before us, including a rehearing *en banc*. Thus, Perry had full access to the appellate process which was his as a matter of right. However, before our decision could be announced, Perry died suddenly in prison.[1]

The Court requested the attorneys of record to exchange supplemental memoranda, addressing the effect of Perry's death on this appeal. The State argues that Perry's death has mooted this appeal and that it should simply be dismissed. On behalf of Perry, it is argued that his personal representative should be substituted as a party, and that the appeal should proceed to a decision on the merits.

The general rule, which has been followed by both state and federal courts, is that the death of a defendant during the pendency of a *direct appeal* from a criminal conviction abates "not only the appeal but also all proceedings had in the prosecution from its inception." *Durham v. United States*, 401 U.S. 481, 483, 91 S.Ct. 858, 860, 28 L.Ed.2d 200 (1971) (per curiam) (citations omitted). However, in a subsequent decision, the United States Supreme Court held that "to the extent that *Durham* ... may be inconsistent with this ruling, *Durham* is overruled." *Dove v. United States*, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976). *Dove* has been construed as leaving the general rule intact, with respect to an appellant's death during the pendency of a direct appeal, and as overruling *Durham* only with respect to the proper disposition of a petition for certiorari (discretionary appellate review). *See, e.g., United States v. Oberlin*, 718 F.2d 894 (9th Cir.1983); *United States v. Pauline*, 625 F.2d 684 (5th Cir.1980); *United States v. Moehlenkamp*, 557 F.2d 126, 127 (7th Cir.1977); *State v. Griffin*, 121 Ariz. 538, 592 P.2d 372 (1979).

However, the majority's opinion in *Durham* apparently rejected any distinction between an application for discretionary appellate review (certiorari) and a direct appeal of right, for purposes of analyzing the effect of a death of a petitioner or an appellant. *Durham* stated "since death

---

1. Today, we issued an order in Kelly's appeal affirming his convictions in all respects. *Kelly v. State*, Del.Supr., —— A.2d ——, No. 39, 1988, Holland, J. (May 25, 1990) (ORDER).

**1156**

will prevent any review on the merits ... the distinction between the two would not be important...." *Durham v. United States,* 401 U.S. at 483 n. *, 91 S.Ct. at 860 n. *. The uncertainty which exists concerning the present status of the general rule, as it was recognized in *Durham,* in view of the subsequent decision in *Dove,* is discussed in Annotation, *Abatement Effects of Accused's Death Before Appellate Review of Federal Criminal Conviction,* 80 A.L.R.Fed. 446 (1986 & Supp.1989) and in Annotation, *Effect, On Proceedings Below, of Death of Defendant Pending Appeal from Conviction,* 83 A.L.R.2d 864 (1962, 1979 & Supp.1989).

■ The effect of Perry's death, during his direct appeal, presents a question of first impression for this Court. We find that it is resolved by an examination of the Delaware Constitution and jurisdictional statutes. This Court's jurisdiction to review direct appeals in criminal matters is limited, upon application of the accused, to cases in which a final judgment has been rendered. Del. Const. art. IV, § 11(1)(b). For the purpose of appeal to this Court, a criminal proceeding becomes final on the date the sentence is imposed by the trial judge. *Eller v. State,* Del.Supr., 531 A.2d 948, 950 (1987).

■ When Perry's appeal was filed, this Court's jurisdictional prerequisites were satisfied. First, the notice of appeal was an "application of the accused." Second, Perry had been sentenced and the judgment of the Superior Court was final. However, now that Perry has died, he is no longer subject to the jurisdiction of this Court.

The General Assembly has provided that a cause of action, based upon a penal statute, shall not survive death. 10 *Del.C.* § 3701. Thus, Perry's personal representative may not be substituted as a party. Supr.Ct.R. 32. Therefore, as a result of Perry's death, and in the absence of any other real party in interest, this Court has been divested of its jurisdiction to proceed with Perry's direct appeal. Consequently, the ultimate disposition in Perry's prosecu-

tion will be determined by the *status quo* at the time of his death.

Perry's appeal is moot and is DISMISSED.