IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

———————

**THE STATE OF ARIZONA,**
*Appellant,*

*v.*

**RICHARD J. GLASSEL,**
*Appellee.*

———————

No. CR-13-0060-AP
Filed November 21, 2013

———————

Appeal from the Superior Court in Maricopa County
The Honorable Joseph C. Welty, Judge
No. CR2000-006872
**VACATED IN PART**

———————

COUNSEL:

William G. Montgomery, Maricopa County Attorney, Gerald R. Grant (argued), Deputy County Attorney, Phoenix, for State of Arizona

Christina Phillis, Public Advocate, Charles J. Babbitt, III, (argued), Deputy Public Advocate, Phoenix, for Richard J. Glassel

Colleen Clase (argued), Daniel L. Miranda, and Jeffrey Johnson of Arizona Voice for Crime Victims, Tempe, for Amici Curiae Duane Lynn, David Lynn, Cathy Morgan, Cindy Bays, Thomas Lynn, Phillip Lynn, and Patricia Wyatt

Randall S. Udelman, DeFusco & Udelman, P.L.C., Scottsdale, for Amicus Curiae National Crime Victim Law Institute

———————

CHIEF JUSTICE BERCH authored the opinion of the Court, in which VICE CHIEF JUSTICE BALES, JUSTICE PELANDER, JUSTICE BRUTINEL, and JUSTICE TIMMER joined.

———————

CHIEF JUSTICE BERCH, opinion of the Court:

**¶1** In *State v. Griffin*, 121 Ariz. 538, 592 P.2d 372 (1979), the Court held that when a convicted defendant dies before his direct appeal is decided, the death abates the prosecution from the outset, and the conviction is set aside. Today, we hold that *Griffin*'s doctrine of abatement *ab initio* does not apply when a defendant dies after his conviction is affirmed, but while post-conviction relief proceedings are pending.

## I. BACKGROUND

**¶2** A jury found Richard J. Glassel guilty of two counts of first degree murder and thirty counts of attempted first degree murder following a shooting spree at a homeowners' association meeting in 2000. He was sentenced to death in 2003. We affirmed his convictions and sentences in 2005, *State v. Glassel*, 211 Ariz. 33, 116 P.3d 1193 (2005), and the Supreme Court denied his petition for certiorari a year later, *Glassel v. Arizona*, 547 U.S. 1024 (2006).

**¶3** In 2010, Glassel filed a petition for post-conviction relief under Rule 32, Ariz. R. Crim. P., alleging, among other things, that he was denied his right to competent counsel at trial. That petition was pending when he died in January 2013. After Glassel's death, the superior court judge dismissed the Rule 32 proceeding as well as the indictment and conviction, concluding that *Griffin* compelled that result.

**¶4** We granted the State's petition for review because this case calls into question the scope and the continuing vitality of this Court's opinion in *Griffin*. We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 13-4031.

## II. DISCUSSION

**¶5** Whether the court must set aside a validly obtained and affirmed conviction if the defendant dies while a post-conviction relief proceeding is pending is a question of law, which we review de novo. *Wilmot v. Wilmot*, 203 Ariz. 565, 569 ¶ 10, 58 P.3d 507, 511 (2002).

**¶6** In *Griffin*, this Court held that "death pending appeal abates the appeal and the conviction." 121 Ariz. at 539, 592 P.2d at 373. We

reasoned, as had a majority of jurisdictions at that time, that upon the defendant's death, "the interests of the state in protection of society have been satisfied, the imposition of punishment is impossible, and collection of fines or forfeiture result[s] in punishing innocent third parties." *Id.* at 538-39, 592 P.2d at 372-73. The parties here disagree whether a Rule 32 petition asserting ineffective assistance of counsel is the kind of "appeal" that should cause Glassel's convictions to abate.

¶7 The State maintains that *Griffin* requires abatement only if a defendant dies during the pendency of a direct appeal, not a collateral proceeding such as a post-conviction relief proceeding. In *Griffin*, we noted that the federal courts distinguish direct appeals from requests for discretionary review, such as petitions for certiorari, and abate convictions only when defendants die while their direct appeals are pending. *Id.* at 538 n.1, 592 P.2d at 372 n.1 (citing *Dove v. United States*, 423 U.S. 325 (1976); *United States v. Bechtel*, 547 F.2d 1379 (9th Cir. 1977)).

¶8 Glassel asserts that his Rule 32 petition was "equivalent to a direct appeal" because it provided the first opportunity to assert his claim for ineffective assistance of counsel. He correctly notes that this Court has instructed defendants not to bring ineffective assistance of counsel claims on direct appeal, but instead to raise them in Rule 32 petitions. *See State v. Spreitz*, 202 Ariz. 1, 3 ¶ 9, 39 P.3d 525, 527 (2002).

¶9 This Court, however, has consistently distinguished post-conviction relief proceedings from direct appeals. "The right to appeal is guaranteed by our constitution, Ariz. Const. art. 2, § 24, but the Rule 32 procedure is not." *State v. Carriger*, 143 Ariz. 142, 145, 692 P.2d 991, 994 (1984). Moreover, we have explained that a Rule 32 petition exists "separate and apart from the right to appeal" and is "a collateral attack upon the judgment." *Id.* at 145, 148, 692 P.2d at 994, 997. Thus, following a conviction, a defendant has the right to challenge the sufficiency of evidence and to assert any trial errors through direct appeal. Glassel exercised that right, and his convictions and sentences were affirmed. *Glassel*, 211 Ariz. at 59 ¶ 119, 116 P.3d at 1219.

¶10 Even when a Rule 32 petition provides the first opportunity for review, as occurs when a defendant pleads guilty, admits a probation violation, or asserts an ineffective assistance of counsel claim, the Rule 32 process does not equate to a direct appeal. *See State v. Smith*, 184 Ariz. 456,

458, 910 P.2d 1, 3 (1996) (differentiating between direct appeals and Rule 32 proceedings); *Montgomery v. Sheldon*, 181 Ariz. 256, 259 n.2, 889 P.2d 614, 617 n.2 (1995) (referring to Rule 32 proceedings as "a distinct form of appellate review"); *Wilson v. Ellis*, 176 Ariz. 121, 123, 859 P.3d 744, 746 (1993) (discussing "appellate review by PCR in lieu of direct appeal"). A post-conviction relief proceeding under Rule 32 is, in most circumstances, a proceeding "supplementary to the direct appeal." *People v. Valdez*, 911 P.2d 703, 704 (Colo. App. 1996).

¶11 Once this Court affirmed Glassel's convictions, his direct appellate process was complete. Thus, Glassel's convictions were presumed to have been regularly obtained and valid well before he died. *See Canion v. Cole*, 210 Ariz. 598, 600 ¶ 13, 115 P.3d 1261, 1263 (2005) (noting that "the State is entitled to a presumption that [the defendant's] convictions were regularly obtained and are valid"). Therefore, *Griffin* does not require that we set aside Glassel's convictions, even though his Rule 32 petition was not resolved before he died, and we decline to extend *Griffin*'s abatement doctrine beyond the context of direct appeals. *Cf. Valdez*, 911 P.2d at 704 (concluding that after a "defendant has already pursued unsuccessfully a direct appeal," "collateral appeals should be subject to dismissal but not abatement *ab initio* upon the defendant's death"); *Surland v. State*, 895 A.2d 1034, 1035 (Md. 2006) (stating that a defendant's convictions remain intact once affirmed on direct appeal). Indeed, principles of finality militate against expanding the doctrine.

¶12 The victims in this case participated as amici, and they urge us to overrule *Griffin* and allow convictions to stand when a defendant dies while a direct appeal is pending. The victims contend that abatement *ab initio* violates victims' constitutional and statutory rights to restitution, justice, and fairness and suggest that we follow the lead of state courts that have abandoned or modified the doctrine. *See State v. Carlin*, 249 P.3d 752, 754 (Alaska 2011); *State v. Korsen*, 111 P.3d 130, 130 (Idaho 2005); *State v. Benn*, 274 P.3d 47, 50 (Mont. 2012). They argue that the presumption of innocence disappears upon conviction and that when a defendant dies while an appeal is pending, the victims' interest in finality should prevail over the defendant's diminished interest in challenging his or her conviction. Although the victims' arguments may have merit, we decline to reach the issue in this case. The facts do not require us to decide whether *Griffin* should be overruled, and neither Glassel nor the State directly advanced the issue. *See Ruiz v. Hull*, 191 Ariz. 441, 446 ¶ 15, 957

P.2d 984, 989 (1998) (observing that "we base our opinion solely on legal issues advanced by the parties themselves").

### III.  CONCLUSION

**¶13**        For the reasons set forth above, we vacate that portion of the superior court's order that dismisses Glassel's indictment and voids his convictions pursuant to *Griffin*.