NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MICHAEL ALLEN CHANNEL, SR., *Plaintiff/Appellant*,

*v.*

STATE OF ARIZONA, *Defendant/Appellee*.

No. 1 CA-CV 17-0011
FILED 3-6-2018

Appeal from the Superior Court in Maricopa County
No. CV2016-008195
The Honorable Joshua D. Rogers, Judge

**AFFIRMED**

COUNSEL

Michael Allen Channel, Sr., Tucson
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Pamela J. Linnins
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court,
in which Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

**W I N T H R O P**, Presiding Judge:

**¶1** Michael Allen Channel, Sr., appeals the superior court's judgment dismissing his complaint for failure to state a claim upon which relief can be granted. *See* Ariz. R. Civ. P. 12(b)(6). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY[1]

**¶2** In July 2013, police officers, responding to a disturbance at an apartment complex, arrested Channel after he admitted possessing a gun and that he was a prohibited possessor due to a prior felony conviction. A jury convicted him of misconduct involving weapons, the trial court sentenced him to ten years in prison, and this court affirmed his conviction and sentence. *State v. Channel*, 1 CA-CR 15-0813, 2017 WL 1506568 (Ariz. App. Apr. 27, 2017) (mem. decision), at *1-2, 4, ¶¶ 7, 10, 22. Channel did not file a petition for review, and on June 16, 2017, this court issued the mandate in case number 1 CA-CR 15-0813.

**¶3** In the meantime, on August 18, 2016, Channel filed a civil complaint captioned "Unauthorized Practice of Law" against the "State of Arizona, et al." within which he named numerous judicial officers, attorneys, and law enforcement officers who he generally alleged had acted unlawfully, ostensibly stemming from his dissatisfaction with his misconduct involving weapons conviction and appeal.[2] He also asked that

---

[1] Channel does not cite to the record in his opening brief. An appellant must support his opening brief with citations to the record in his statements of the case and facts, as well as in his argument. *See* ARCAP 13(a)(4), (5), (7). Although the State points out that we may deem his arguments waived on this basis, *see, e.g.*, *State v. West*, 238 Ariz. 482, 497-98, ¶ 55 (App. 2015), we decline to do so.

[2] In a section of the complaint he entitled "Events," Channel named Judge Danielle J. Viola, Commissioner Virginia L. Richter (who presided over his criminal trial and sentencing), and Anthony Mackey, a Judge *Pro Tempore* of this court, and he cited several authorities, but did not explain what conduct those persons had engaged in that allegedly harmed him. In a section he entitled "Claim for Relief," Channel asked that the case files of Judge Viola, Commissioner Richter, other judges, several deputy county attorneys, and several private attorneys be audited for "abuse of unauthorized practice of law and discretion." He also named numerous

an outside special team of prosecutors investigate his "Civil Claim of Judicial Ethics to the Ariz[ona] Criminal Justice Commission," but did not identify the judicial ethics claim to which he was referring.[3] Although Channel's request for deferral or waiver of service of process fees was granted, the record does not indicate he served the original complaint on anyone except Mark Brnovich, the Arizona Attorney General.[4]

¶4 Channel filed a first amended complaint on September 19, 2016, again with a caption identifying the "State of Arizona, et al." as the "Defendant[s]." However, his first amended complaint did not mention *any* State entity, officer, or employee, and did not include any of the previous allegations or claims for relief made in his original complaint.[5]

---

police officers who supposedly had violated his civil rights and asked that they "be imprisoned not more than five years."

[3] Channel did attach to his complaint a letter from the Arizona Criminal Justice Commission's Executive Director stating he could not file a complaint against Commissioner Richter with that commission because it did not have oversight authority over Arizona's court system.

[4] The record contains two affidavits of service, each indicating Channel (through Deputy William Prather of the Maricopa County Sheriff's Office's Civil Process Section) served Brnovich with a copy of a "Summons, Civil Complaint (Unauthorized Practice of Law), [and] Civil Cover Sheet – New Filing Only" on September 21, 2016. The first affidavit, filed in the superior court on September 26, 2016, is signed "W. Prather." The second affidavit, filed on October 3, 2016, contains the notation "/s/" scribbled on the signature line. Other than the signature line, the affidavits are identical, and no other affidavits of service exist in the record for either the original complaint or any subsequent complaints.

[5] The first amended complaint appeared to be aimed at alleged wrongdoing on the part of Channel's appellate counsel in the appeal of his misconduct involving weapons conviction. *See Channel*, 1 CA-CR 15-0813, 2017 WL 1506568. Channel attached a letter from his appellate attorney dated September 7, 2016, which referenced an August 25, 2016 letter from Channel accusing the attorney of disclosing "false material" to this court. The attorney denied doing so, and stated he had "enclosed with this letter the August 18, 2015 transcript that [he] cited to." The complaint accused

¶5 On October 3, 2016, Channel filed a second amended complaint, again with a caption identifying only the "State of Arizona, et al." as the "Defendant[s]."[6] Channel's allegations in the second amended complaint, as best we can discern, comprised a general collateral attack on his criminal conviction. Without factual support or cogent context, he asserted his July 2013 arrest had been illegal, his *Miranda*[7] rights had been violated, two unnamed county attorneys had suborned perjury at the grand jury proceedings, police officers had committed perjury, his attorney had failed to file a motion on his behalf, Commissioner Richter had committed ethics violations, police officers had been uncooperative in interviews, various judges had been uncooperative with his complaints, his appellate attorney had tampered with public records by sending him a fraudulent document, and numerous unnamed police officers, county attorneys, assigned defense counsel, and judges had been involved in a criminal cover-up involving numerous types of misconduct, which amounted to "abuse of unauthorized practice of law and discretion." The last page of the second amended complaint, entitled "Certificate of Service," stated Channel mailed the complaint to the Maricopa County Superior Court Clerk, Attorney General Brnovich, and the United States Department of Justice's Civil Rights Division in Washington, D.C. The record, however, contains no affidavit of service other than those previously mentioned in footnote four of this decision. *See supra* note 4.

¶6 The Arizona Attorney General's Office, representing the State, moved for a more definite statement under Arizona Rule of Civil Procedure 12(e).[8] The motion alleged the complaint (1) did not include sufficient factual allegations to permit the State to ascertain the lawsuit's nature and scope; (2) attempted to present a multitude of claims and factual allegations, but it was unclear how the factual allegations related to the

---

the attorney (or perhaps the court reporter) of submitting "fraudulent documents."

[6] As a general rule, Channel's second amended complaint superseded his original and first amended complaints and rendered them of no further effect. *See Francini v. Phoenix Newspapers, Inc.*, 188 Ariz. 576, 586 (App. 1996).

[7] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[8] "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before filing a responsive pleading." Ariz. R. Civ. P. 12(e).

claims made; (3) did not allege how the conduct of a specific State entity or the State in general had harmed Channel; and (4) contained "et al." in the caption, which did not sufficiently indicate who in addition to the State had allegedly engaged in wrongdoing or injured Channel.

¶7　　　　Channel responded that he was attempting to properly present his case of "abuse of unauthorized practice of law," and was being denied the right to be heard by the court concerning wrongdoing by police officers, county attorneys, judges, Commissioner Richter, and defense counsel in connection with his arrest and conviction. He reiterated many of the allegations previously made in his original and second amended complaints, but again generally failed to provide factual support or context for those allegations, or to identify how any alleged violations had injured him. He stated he had mailed the response to the Maricopa County Superior Court Clerk, the Arizona Attorney General's Office, and the United States Department of Justice.

¶8　　　　The State replied that (1) Channel had still not listed the specific defendants he meant to identify as included in the "et al." designation in the caption of his complaint; (2) even as supplemented in his response, Channel's second amended complaint did not allege sufficient facts to permit any defendant to ascertain the lawsuit's nature and scope; (3) the court should not allow Channel to further amend his complaint because he had demonstrated that any additional amendments would be futile by continuing to fail to provide any cohesive or logical statement of facts or legal argument; and (4) although he was attempting to allege that the unauthorized practice of law had taken place, this was an allegation the court lacked jurisdiction to consider until the State Bar of Arizona had addressed the matter. The State requested that the court dismiss the matter under Arizona Rule of Civil Procedure 12(b)(1) and (6) for lack of jurisdiction and Channel's failure to state a claim for which the court could grant relief.

¶9　　　　In response, Channel asked the court to deny the State's motion to dismiss because the unauthorized practice of law claim he was alleging had taken place and he had not yet received records to provide the court with "the rest of the historical and statutory felon[ies]." He also protested the results of various bar complaints he had filed and the State Bar's conduct, and contended the court had jurisdiction to consider these matters.

¶10　　　　On January 5, 2017, the court dismissed Channel's second amended complaint after finding Channel "would not be entitled to relief

under any state of facts susceptible of proof under the claim stated." On May 19, 2017, the superior court issued a signed judgment pursuant to Arizona Rule of Civil Procedure 54(c).[9] We have jurisdiction over Channel's timely appeal pursuant to Arizona Revised Statutes section 12–2101(A)(1) (2016).

**ANALYSIS**

**¶11** We review *de novo* a judgment dismissing a complaint under Arizona Rule of Civil Procedure 12(b)(6). *Lerner v. DMB Realty, LLC*, 234 Ariz. 397, 401, ¶ 10 (App. 2014). In our review, we look only to the complaint itself, assume the well-pled factual allegations are true, and indulge all reasonable inferences therefrom. *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008). We will affirm only if the plaintiff would not be entitled to relief under any set of facts pled that is susceptible of proof. *Albers v. Edelson Tech. Partners L.P.*, 201 Ariz. 47, 50, ¶ 7 (App. 2001).

**¶12** An opening brief must state with particularity why or how the trial court erred in ruling. *Modular Sys., Inc. v. Naisbitt*, 114 Ariz. 582, 587 (App. 1977). Channel fails to address the superior court's judgment pursuant to Rule 12(b)(6), much less identify any error he believes that court made in issuing that judgment. Accordingly, he has waived on appeal any assertion the superior court erred. *See State ex rel. Montgomery v. Mathis*, 231 Ariz. 103, 124, ¶ 82 (App. 2012); *see also Belen Loan Inv'rs, LLC v. Bradley*, 231 Ariz. 448, 457, ¶ 22 (App. 2012) (recognizing issues not clearly raised and argued on appeal are waived and declining to address the dismissal of a claim with respect to which the appellant made no specific argument).

**¶13** Moreover, even were we to consider any argument related to the dismissal not to be waived, Channel's opening brief raises numerous allegations concerning the judicial and criminal justice system that he did not raise in his second amended complaint or his response to the State's motion for a more definite statement. He has waived consideration of these new allegations. *See Harris v. Cochise Health Sys.*, 215 Ariz. 344, 349, ¶ 17 (App. 2007) (explaining why appellate courts generally do not consider issues raised for the first time on appeal); *State v. Claxton*, 122 Ariz. 246, 249

---

[9] This certification was correct because only the State appeared in response to Channel's complaint and nothing shows he served any other persons or entities mentioned in his various filings. *See McHazlett v. Otis Eng'g Corp.*, 133 Ariz. 530, 532 (1982) (stating that unserved defendants are not parties for the purpose of Arizona Rule of Civil Procedure 54(b)'s requirement that a final judgment dispose of all claims and parties).

(App. 1979) ("One cannot claim the trial court erred in rejecting a theory if the theory was never presented to it.").

¶14 In addition, Channel's allegations—both those that are new and those previously raised—clearly have as their purpose obtaining relief from his misconduct involving weapons conviction. The superior court could not, however, have granted Channel relief from that conviction based on claims that collaterally attacked the conviction. *See generally State ex rel. Collins v. Superior Court*, 157 Ariz. 71, 75 (1988). Instead, if Channel believed those persons involved in his conviction committed legal errors or abused their discretion, he had to raise such claims either in his direct appeal from his conviction or in a petition for post-conviction relief under Arizona Rule of Criminal Procedure 32. *See, e.g., State v. Glassel*, 233 Ariz. 353, 354-55, ¶¶ 9-10 (2013); *see also State v. Shrum*, 220 Ariz. 115, 118, ¶¶ 11-12 (2009) (stating that Rule 32 consolidated most avenues for post-conviction relief into "a single comprehensive remedy," and that it generally precludes collateral relief on a ground that was or could have been raised on direct appeal or in a previous post-conviction relief petition). Channel's civil unauthorized practice of law action is neither a direct appeal from his conviction nor a Rule 32 action, and he cannot collaterally attack his conviction through this civil action. Accordingly, the superior court correctly determined that Channel failed to state a claim for which the court could grant relief.[10]

**CONCLUSION**

¶15 For the foregoing reasons, we affirm the superior court's judgment dismissing Channel's lawsuit.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[10] Because we affirm on the aforementioned bases, we do not address the State's remaining arguments for affirming the judgment.

7