THUMMA, Chief Judge:
¶1 Defendant Richard Allen Reed died while this appeal of a criminal restitution order entered against him was pending. The State then sought dismissal of his appeal pursuant to Arizona Revised Statutes (A.R.S.) section 13-106(A) (2018),[1] which states that "[o]n a convicted defendant's death, the court shall dismiss any pending appeal." Because that statute is constitutional as applied, this appeal is dismissed.
FACTS AND PROCEDURAL HISTORY
¶2 The State charged Reed with voyeurism, a Class 5 felony, committed in January 2015. The victim hired an attorney to assist her during the criminal proceedings. The jury found Reed guilty; he was placed on probation and this court affirmed in a prior appeal. See State v. Reed , 1 CA-CR 16-0269, 2017 WL 1325647 (Ariz. App. Apr. 11, 2017) (mem. dec.).
¶3 Meanwhile, the State filed a motion requesting restitution, including the victim's attorneys' fees. After an evidentiary hearing, the superior court awarded the victim attorneys' fees and granted in part and denied in part other requested restitution. Reed timely filed this second appeal challenging that restitution order. See State v. French , 166 Ariz. 247, 248 n.3, 801 P.2d 482, 483 n.3 (App. 1990) (noting an "order of restitution is a separately appealable order").
¶4 When Reed died while this appeal was pending, the State sought dismissal pursuant to A.R.S. § 13-106(A). Reed's counsel objected, claiming the statute was unconstitutional. The court allowed Reed's counsel, the State and others to file briefs on the constitutionality of Section 13-106 and the availability of any other forum to challenge a restitution order.[2]
DISCUSSION
I. A.R.S. § 13-106.
¶ 5 Enacted effective July 24, 2014, A.R.S. § 13-106 states:
A. On a convicted defendant's death, the court shall dismiss any pending appeal or postconviction proceeding.
B. A convicted defendant's death does not abate the defendant's criminal conviction or sentence of imprisonment or any restitution, *1047 fine or assessment imposed by the sentencing court.
A legislative fact sheet states the statute was a response to: (1) State v. Griffin , 121 Ariz. 538, 592 P.2d 372 (1979) (noting Arizona's common law abatement rule means a defendant's death "pending appellate review of a criminal conviction abates not only the appeal but also all proceedings had in the prosecution from its inception") and (2) State v. Glassel , 233 Ariz. 353, 312 P.3d 1119 (2013) (holding abatement does not apply to post-conviction relief proceedings after an appeal). See Ariz. Senate Fact Sheet, H.B. 2593, 51st Leg., 2d Reg. Sess. (Ariz. 2014). A brief history of the rule of abatement provides helpful background for this appeal.
II. The Rule Of Abatement.
¶6 The rule of abatement, sometimes called "abatement ab initio ," is based on the common law principle that "all private criminal injuries or wrongs, as well as all public crimes, are buried with the offender." United States v. Daniel , 47 U.S. (6 How.) 11, 14, 12 L.Ed. 323 (1848). The concept has ancient roots, as evidenced by a British statute enacted in 1330 providing an exception to abatement. Torts. Right of Privacy. Survival of Action , 46 Colum. L. Rev. 315, 315 n.6 (1946) (citing authority). The "unanimous" approach in federal court is that "death pending direct review of a criminal conviction abates not only the appeal but also all proceedings had in the prosecution from its inception." Durham v. United States , 401 U.S. 481, 482-83, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971). Federal courts have held that, "[i]f the sentence included a fine, this rule of abatement ab initio prevents recovery against the estate." United States v. Oberlin , 718 F.2d 894, 895 (9th Cir. 1983). As conceded in Durham , however, United States Supreme Court cases applying abatement "are not free of ambiguity." 401 U.S. at 482, 91 S.Ct. 858.[3]
¶7 Four Arizona state court opinions have addressed abatement in criminal matters. The first, decided in 1976, dismissed an appeal when the defendant died, noting "[t]he generally conceded grounds for mootness are that in the event the judgment of conviction is affirmed, it is impossible of execution, and if the judgment is reversed, the accused is unavailable for a new trial." State v. Richards , 26 Ariz. App. 41, 41-42, 545 P.2d 1003 (1976). Richards , however, did not address "the effect of the dismissal of this appeal upon the underlying conviction appealed from," or "whether a fine or forfeiture of property based upon the prior conviction would require the same determination of mootness." Id.
¶8 Three years later, the Arizona Supreme Court held that a criminal defendant's "death pending appeal abates the appeal and the conviction" and remanded "with directions to dismiss the indictment." Griffin , 121 Ariz. at 539, 592 P.2d at 373. Griffin , however, left unresolved whether abatement "should include an order for reimbursement of the fine and restitution" defendant had paid before he died. Id. Although a civil case, In re Estate of Vigliotto stated that "a restitution order, albeit one that is an allocated portion of a fine, survives a defendant's death." 178 Ariz. 67, 69, 870 P.2d 1163, 1165 (App. 1993).
¶9 Twenty years later, Glassel held that abatement did "not apply when a defendant dies after his conviction is affirmed, but while postconviction relief proceedings are pending." 233 Ariz. at 353 ¶ 1, 312 P.3d 1119, 1119. Glassel , however, declined to address arguments by amicus curiae filed on behalf of victims that abatement violates victims' rights and that other states "have abandoned or modified the doctrine." Id. at 355 ¶ 12, 312 P.3d at 1121. The year after Glassel , the Legislature enacted A.R.S. § 13-106.
*1048 ¶10 Given Reed's death while this appeal was pending, Section 13-106 directs that the appeal be dismissed and that his death "does not abate" his conviction, sentence "or any restitution, fine or assessment imposed by the sentencing court." A.R.S. § 13-106(A) & (B). Reed's counsel makes no argument to the contrary, arguing instead that Section 13-106 is unconstitutional for various reasons. Before addressing those arguments, the State's standing argument must be resolved.
III. Standing.
¶11 The State argues Reed's right to appeal ended when he died and that his counsel "and third parties - including the personal representative of Reed's estate" lack standing to challenge the constitutionality of Section 13-106. In essence, the State argues that no one would ever have standing to challenge Section 13-106. The State concedes, however, that "standing is not a constitutional jurisdictional requirement in the state courts of Arizona." State v. B Bar Enters., Inc. , 133 Ariz. 99, 101 n.2, 649 P.2d 978, 980 (1982). Instead, Arizona's standing requirement is prudential. See Bennett v. Brownlow , 211 Ariz. 193, 196 ¶ 14, 119 P.3d 460 (2005).
¶12 Prudential standing under Arizona law requires "a distinct and palpable injury," which "sharpens the legal issues presented by ensuring that true adversaries are before the court and thereby assures that our courts do not issue mere advisory opinions." Sears v. Hull , 192 Ariz. 65, 69 ¶ 16, 71 ¶ 24, 961 P.2d 1013, 1017, 1019 (1998). In "exceptional circumstances," this prudential standing requirement has been waived, "generally in cases involving issues of great public importance that are likely to recur." Id. at 71 ¶ 25, 961 P.2d at 1019.
¶13 In Glassel and Griffin , the Arizona Supreme Court tacitly found appeals involving abatement are just such "exceptional circumstances" where standing is waived. See Glassel , 233 Ariz. at 354, 312 P.3d at 1120 (allowing defense counsel to brief petition for review and merits, and present oral argument, after defendant died while his post-conviction relief petition was pending); Griffin , 121 Ariz. at 538, 592 P.2d at 372 (allowing defense counsel to file petition for review and brief merits after defendant died while appeal was pending). For these same reasons, in this unique setting, the constitutional challenges pressed by Reed's counsel to the application of Section 13-106 do not fail for lack of standing.
IV. Challenges To The Application Of A.R.S. § 13-106.
¶14 Reed's counsel argues Section 13-106 (1) abrogates a criminal defendant's appeal rights under the Arizona Constitution; (2) violates separation of powers principles; (3) violates due process and (4) is an improper bill of attainder. "When a state statute conflicts with Arizona's Constitution, the constitution must prevail." Dobson v. State ex rel. Comm'n on Appellate Court Appointments , 233 Ariz. 119, 124 ¶ 17, 309 P.3d 1289, 1294 (2013). There is, however, "a strong presumption supporting the constitutionality of any legislative enactment." State v. Tocco , 156 Ariz. 116, 119, 750 P.2d 874, 877 (1988). "[T]he burden of proof is on the opponent of the statute to show it infringes upon a constitutional guarantee or violates a constitutional principle." State v. Casey , 205 Ariz. 359, 362 ¶ 11, 71 P.3d 351, 354 (2003) (citation omitted). Using these standards, the court addresses these arguments in turn.
A. The Right To Appeal.
¶15 Reed's counsel argues that Section 13-106"directly conflicts with the constitutional right to appeal by removing that right." Arizona's Constitution provides that, "[i]n criminal prosecutions, the accused shall have ... the right to appeal in all cases." Ariz. Const. art. 2, § 24 ; accord A.R.S. § 13-4031 ("Right of appeal"); A.R.S. § 13-4033 ("Appeal by defendant"); Ariz. R. Crim. P. 31 ("Appeals"). The argument that Reed was denied this right to appeal fails for several reasons.
¶16 Reed's counsel suggests that the right to appeal is, in essence, the right to a specific process or result on appeal. Not so. The right to appeal is not a right to a specific result or even a decision on the merits. See, e.g. , A.R.S. §§ 13-4036(A) (on appeal from conviction, court may "make any order which is *1049 consistent with ... justice and the rights of the state and the defendant"); 13-4039 ("If the appellant fails to prosecute the appeal, the appellate court shall dismiss the appeal."). Reed's counsel does not assert that Arizona's rule of abatement, in place before the enactment of Section 13-106, denied the right to appeal. Yet when applying that rule, Griffin declined to order reimbursement of restitution and fines paid before the appellant died. 121 Ariz. at 539, 592 P.2d at 373. Reed's counsel has not shown how Section 13-106 improperly deprives Reed of his right to appeal, as opposed to properly setting forth a rule of decision for the appeal.
¶17 Reed invoked his right to appeal when, before he died, he timely filed his prior appeal and then this appeal. As a result, the cases cited by Reed's counsel addressing waiver of the right to file an appeal, or the improper conditioning of that right, miss the mark. See State v. Goldsmith , 112 Ariz. 399, 400, 542 P.2d 1098, 1099 (1975) (rejecting, as "completely without merit," State's argument "that the appeal should be dismissed because [the defendant] had not been apprehended as of the date that his appeal was filed"); State v. Bolding , 227 Ariz. 82, 88 ¶ 20, 253 P.3d 279, 285 (App. 2011) (concluding statute prohibiting appeal based on defendant's absence at sentencing is constitutional if absence was "a knowing, voluntary, and intelligent waiver of his constitutional right to appeal," but finding statute could not apply on facts of the case); State v. Freitag , 212 Ariz. 269, 271-72 ¶¶ 12-14, 130 P.3d 544, 546-47 (App. 2006) (striking, as unconstitutional, municipality's "assessment of a fee" on defendant as a condition "to pursue his criminal appeal").[4] Because Reed twice invoked his right to appeal, there can be no claim that he was denied that right.
¶18 Reed's counsel cites cases addressing various common law approaches used in other jurisdictions when a criminal defendant dies while an appeal is pending. See, e.g., Brass v. State , 130 Nev. 318, 325 P.3d 1256, 1257-58 (2014) (discussing jurisdictions: (1) applying abatement; (2) allowing the appeal to proceed and (3) dismissing the appeal and letting the conviction stand); State v. Carlin , 249 P.3d 752, 754 (Alaska 2011) (rejecting abatement; adopting rule where the "conviction will stand unless the defendant's personal representative elects to continue the appeal"); State v. Korsen , 141 Idaho 445, 111 P.3d 130, 135 (2005) (holding "criminal conviction and any attendant order requiring payment," including restitution, "are not abated, but remain intact"); State v. Webb , 167 Wash.2d 470, 219 P.3d 695, 698 ¶ 13, 699 ¶ 22 (2009) (noting court "ha[d] been presented with no authority holding that a deceased defendant's right to appeal mandates abatement of all convictions or all monetary obligations imposed" and adopting rule similar to Carlin ); see also Griffin , 121 Ariz. at 538-39, 592 P.2d at 373 (noting approaches used in other jurisdictions). Clearly, different jurisdictions treat the issue in different ways. But the existence of different approaches in other jurisdictions does not mean the approach adopted in Section 13-106 is unconstitutional.
¶19 Because Reed was not denied his right to appeal, application of Section 13-106 does not unconstitutionally deny him that right.
B. Separation Of Powers.
¶20 Reed's counsel argues Section 13-106 is "an attempt by the Legislature to enact a procedural rule and to adjudicate cases" and is "a judicial act outside the authority of the Legislature." Arizona's Constitution provides:
The powers of the government of the state of Arizona shall be divided into three separate departments, the legislative, the executive, and the judicial; and, except as provided in this constitution, such departments shall be separate and distinct, and no one of such departments shall exercise the powers properly belonging to either of the others.
Ariz. Const. art. 3. Although the Arizona Supreme Court has rulemaking power "relative to all procedural matters in any court,"
*1050 Ariz. Const. art. 6 § 5, the Legislature has "the authority to enact substantive and procedural laws to define, implement, preserve and protect the rights guaranteed to victims," Ariz. Const. art. 2 § 2.1 (D).
¶21 Reed's counsel asserts that "[t]his issue is controlled by State ex rel. Napolitano v. Brown , 194 Ariz. 340, 982 P.2d 815 (1999)." Brown struck, on separation of powers grounds, statutory time limits for post-conviction relief proceedings that conflicted with the Arizona Rules of Criminal Procedure. 194 Ariz. at 344 ¶ 16, 982 P.2d at 819. The Brown analysis, however, was refined in State v. Hansen , which rejected a separation of powers challenge to statutory time limits for restitution payments that conflicted with the Arizona Rules of Criminal Procedure. 215 Ariz. 287, 289 ¶ 8, 291 ¶ 18, 160 P.3d 166, 168, 170 (2007). Thus, Hansen provides the analysis applicable here.
¶22 The analysis in Hansen begins with addressing whether the provision is substantive or procedural. Id. at 289 ¶ 9, 160 P.3d at 168. If substantive, Section 13-106 presents no separation of powers issue. Id. at 289 ¶ 10, 160 P.3d at 168-69. However, recognizing "the procedural/substantive distinction is 'always elusive at the margins,' " Graf v. Whitaker , 192 Ariz. 403, 406 ¶ 10, 966 P.2d 1007 , 1010(App. 1998) (citation omitted), the court assumes, without deciding, that Section 13-106 is procedural, see Hansen , 215 Ariz. at 289 ¶ 10, 160 P.3d at 168-69. Based on that assumption, the inquiry focuses on whether the statute (1) "affects rights unique and specific to victims;" (2) was enacted to exercise the Legislature's authority to protect victims' rights and (3) advances victims' rights. Hansen , 215 Ariz. at 290-91 ¶¶ 14-16, 160 P.3d at 169-70. Applying Hansen , Section 13-106 does not exceed the authority granted to the Legislature by the Arizona Constitution because it affects "rights unique and specific to victims;" was enacted in response to Glassel (which noted concerns by amicus curiae filed on behalf of victims) and "advances victims' rights." See Hansen , 215 Ariz. at 290-91 ¶¶ 12-18, 160 P.3d at 169-70.
¶23 Reed's counsel also argues Section 13-106 improperly "affirms trial court judgments" and means "that all trial court decisions that disfavor criminal defendants are valid." Application of the statute, however, does not affirm the judgment. Instead, upon the death of a defendant, any pending appeal is to be dismissed, a result that does not affirm the superior court judgment. Finally, Reed's counsel has not shown how Section 13-106"could be read to usurp the judiciary" by "remov[ing] jurisdiction from this Court." For these reasons, Section 13-106 does not violate separation of powers.
C. Due Process.
¶24 Reed's counsel argues Section 13-106 violates the due process clauses of the United States and Arizona Constitutions. To the extent this argument is based on the assertion that Reed was denied his right to appeal, it fails for the reasons discussed above. To the extent this argument asserts Section 13-106 means "[d]ue process has been removed" from restitution or gives the State a "right to fines or assessments without legal basis," the authority cited does not support that assertion. See Nelson v. Colorado , --- U.S. ----, 137 S.Ct. 1249, 1252, 197 L.Ed.2d 611 (2017) (when a conviction is reversed and will not be retried, due process requires the government to refund fees, costs and restitution paid without the defendant filing a civil proceeding); State v. Reese , 124 Ariz. 212, 214-15, 603 P.2d 104, 106-07 (App. 1979) (concluding, absent a plea agreement to the contrary, restitution could not be awarded for charges dismissed or never brought). Moreover, particularly given the various approaches in other jurisdictions when a defendant dies while a criminal appeal is pending, Section 13-106 cannot be deemed to embrace "conduct that 'shocks the conscience' or interferes with rights 'implicit in the concept of ordered liberty.' " Martin v. Reinstein , 195 Ariz. 293, 313-14 ¶ 66, 987 P.2d 779, 799-800 (App. 1999).
¶25 Reed's counsel correctly notes that crime victims have alternatives, other than seeking restitution in a criminal case, to seek recovery from a criminal defendant. See A.R.S. § 13-807 ("An order of restitution ... does not preclude ... bringing a separate civil action and proving in that action damages in excess of the amount of the restitution *1051 order."); see also §§ 14-3801 to -3816 (procedures for creditors' claims against an estate). Those alternatives, however, were available before the enactment of Section 13-106. Cf. Griffin , 121 Ariz. at 539, 592 P.2d at 373 (noting "[t]here are adequate civil procedures" to resolve "collateral issues which may arise as a result of" abatement). Moreover, the existence of such alternatives does not mean Section 13-106 violates due process.
¶26 In the end, Reed's counsel asserts that Arizona's common law abatement rule, not Section 13-106, strikes a better balance. Absent a constitutional infirmity, however, it is for the Legislature to strike that balance. See Vo v. Superior Court , 172 Ariz. 195, 205, 836 P.2d 408, 418 (App. 1992) (noting "the wisdom or soundness of policy of legislative enactments ... are clearly addressed to the legislature, not to the courts"). Because Reed's counsel has not shown that Section 13-106 violates due process, both his facial and as-applied due process challenges fail. See Hernandez v. Lynch , 216 Ariz. 469, 472 ¶ 8, 167 P.3d 1264, 1267 (App. 2007) (noting, for facial challenge, "the party challenging the provision must demonstrate that no circumstances exist under which the regulation would be valid") (citing cases).
D. Bill Of Attainder.
¶27 Reed's counsel argues that Section 13-106 is a bill of attainder. See Ariz. Const. art. 2 § 25 ("No bill of attainder ... shall ever be enacted."). A bill of attainder, however, is a "trial by legislature" that "inflict[s] punishment without a judicial trial." State v. Allie , 147 Ariz. 320, 325, 710 P.2d 430, 435 (1985) (citation omitted). Here, Reed had both a jury trial resulting in his conviction and a bench trial resulting in the restitution order. Accordingly, "none of the dangers identified with a traditional bill of attainder are present" and Reed "was not convicted by legislative act." Allie , 147 Ariz. at 325, 710 P.2d at 435. Section 13-106 is not a bill of attainder.
V. Enforcement Of, And Third-Party Challenges To, The Restitution Order.
¶28 Apart from these constitutional arguments, Reed's counsel argues that a dismissal under Section 13-106 would not provide an "outcome of [the] appeal" under A.R.S. § 13-804(D), meaning the restitution order would "never become final and cannot be enforced." By statute, restitution payments "shall not be stayed" pending appeal, but "may be held by the court pending the outcome of an appeal." A.R.S. § 13-804(D). A dismissal under Section 13-106 provides "the outcome of" the appeal. Reed's counsel has not shown how a dismissal under Section 13-106 would mean that the restitution order would "never become final" and enforceable. Even under Arizona's common law rule of abatement, "a restitution order, albeit one that is an allocated portion of a fine, survives a defendant's death." Vigliotto , 178 Ariz. at 69, 870 P.2d at 1165.
¶29 Reed's counsel also asserts that "[t]here does not appear, at this time, to be a forum where Mr. Reed's family or others with an interest in his reputation or estate could dispute the validity of the restitution order." By statute, "[a] criminal restitution order may be recorded and is enforceable as any civil judgment." A.R.S. § 13-805(E). Reed's counsel speculates that, in a civil action, the restitution order "could only be voidable, not void" and that Section 13-106 would mean the order is "not 'subject to reversal.' " Ruiz v. Lopez , 225 Ariz. 217, 222 n.3, 236 P.3d 444, 449 (App. 2010). This argument, however, is based on the view that a dismissal under Section 13-106 is a decision on the merits of the appeal. The statute, however, directs that the appeal be dismissed without this court deciding the merits.
¶30 This argument also is based on Arizona Rule of Civil Procedure 60, which governs relief from a final judgment or order in a civil case. This, however, is not a civil case. Accordingly, as noted in addressing an analogous argument in Griffin , "[w]hatever merit there may be in this contention, it should not be resolved in this case." 121 Ariz. at 539, 592 P.2d at 373. Resolution of such arguments would involve superior court proceedings, which apparently have not yet occurred and may never occur, governed by civil or probate procedural rules, applying substantive law other than criminal law and involving individuals not parties here. Accordingly, for now, the constitutionality of Section 13-106 *1052 "is the only matter which can be legitimately settled in this action." Griffin , 121 Ariz. at 539, 592 P.2d at 373.
CONCLUSION
¶31 Having been informed of the death of appellant Richard Allen Reed, and having concluded that A.R.S. § 13-106 is constitutional, this appeal is dismissed.

Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

Recognizing this opinion is based on the "legal issues advanced by the parties themselves," Ruiz v. Hull , 191 Ariz. 441, 446 ¶ 15, 957 P.2d 984, 989 (1998), the court has received briefs from Lanna Mesenbrink, Reed's surviving spouse and personal representative; Arizona Voice for Crime Victims and the National Crime Victim Law Institute. Although Mesenbrink sought to intervene or be substituted as appellant, she provided no relevant authority supporting that relief, which was denied. Cf. State v. Griffin , 121 Ariz. 538, 539, 592 P.2d 372, 373 (1979) ("[T]here is no provision of statute or rule of court which provides for substitution of the estate as a party in a criminal case."). Mesenbrink also filed a "Motion for Clarification of State's Errors." Any relief requested in that motion is denied.

For example, the majority in Durham vacated the conviction and remanded "with directions to dismiss the indictment," 401 U.S. at 483, 91 S.Ct. 858 ; three Justices would have dismissed the petition for certiorari as moot, id. at 484, 91 S.Ct. 858 (Marshall, J., joined by Burger, C.J., and Stewart, J.), while another would have dismissed the "petition for certiorari, rather than direct dismissal of the indictment," id. (Blackmun, J., dissenting); see also Dove v. United States , 423 U.S. 325, 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976) (upon petitioner's death, dismissing petition for certiorari without remand or instructions, adding that "[t]o the extent" Durham "may be inconsistent with this ruling, Durham is overruled").

Nor are cases Reed's counsel cites regarding appellate resources dispositive here. See, e.g., Evitts v. Lucey , 469 U.S. 387, 393, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) (counsel on appeal); Wilson v. Ellis , 176 Ariz. 121, 124, 859 P.2d 744, 747 (1993) (transcripts in postconviction relief proceedings).